W. L. CABELL ET AL. V. W. B. HOLLOWAY.

No. 1814.

1. **Continuance—Sufficiency of Third Application.**—An application for a third continuance which does not disclose the time, nature, and extent of the inquiry concerning a witness who had changed his residence two months before the trial, and does not show that there was a reasonable probability that his testimony could be procured at the next term of court, is properly refused.

2. **Same—Absence of Counsel—Showing.**—A statement in a motion for a third continuance, that the leading counsel is sick in a distant town and unable to be present, as shown by a telegram attached to the motion, does not constitute sufficient grounds for the continuance.

3. **Impeaching Evidence—Predicate.**—Contradicting evidence for the purpose of impeaching a witness is not competent where no predicate has been laid for such impeachment.

4. **Secondary Evidence—Appointment of Deputy Clerk.**—Oral proof is admissible to show the appointment of a deputy clerk where the written evidence of his appointment is lost, and can not be found after diligent search.

5. **Bill of Exceptions—Ground of Objection to Evidence.**—Where the ground of objection to the evidence is not shown by the bill of exceptions or otherwise, the exclusion of such evidence will not be held reversible error.

APPEAL from Nolan.   Tried below before the Hon. WILLIAM KENNEDY.

*J. F. Eidson* and *A. T. Watts*, for appellants.—1. The application for continuance was in due and legal form, showing the materiality of the evidence of the witness upon the vital issue in the case, and also due diligence used to secure the same, and the court erred in refusing the same.   Rev. Stats., art. 1278; McMahon v. Bushy, 29 Texas, 191; Chilson v. Reeves, 29 Texas, 280; Brooks v. Howard, 30 Texas, 278.

2. The unavoidable and unanticipated absence of the leading counsel is good and sufficient grounds for continuance, and the court erred in overruling the application upon that ground.   Haggerty v. Scott, 10 Texas, 525; Davis v. Zumwall, 1 Ct. App. C. C., sec. 595.

3. The court erred in permitting plaintiffs to prove by the testimony of J. C. Cox, the clerk of the District Court, that he had a deputy in 1884 and 1885, the appointment in writing and the oath of office subscribed by said deputy being the best evidence of a deputyship. Rev. Stats., arts. 1103, 1104; Const., art. 16, sec. 40; Biencourt v. Parker, 27 Texas, 562; Ansaldua v. Schwing, 81 Texas, 201; Rose v. Newman, 26 Texas, 135.

4. When an adverse witness has been questioned as to statements made to a third person, as to matters material to the issue, admits to having had the conversation, but does not remember what was said, it is competent to prove the statements by the third person, and it is error for the court to exclude the evidence.   Johnson v. Brown, 51 Texas, 65.

*Cowan & Fisher,* for appellee.—1. It must be made to clearly appear that the trial court abused his discretion in refusing a third continuance, before his ruling will be revised on appeal. Hipp v. Hushett, 4 Texas, 20.

2. The application does not state that the testimony of the absent witness is ever expected to be procured by the next or any subsequent term of the court. Stachely v. Pierce, 28 Texas, 334; Franks v. Williams, 37 Texas, 25.

3. It must be made to appear that the presence of the absent counsel was, for some good cause shown, necessary at the trial, and that the counsel present could not try the case as well as the absent counsel. Some injury must be shown.

4. Where the appointment and oath of a deputy clerk has been lost, parol evidence is admissible to show such appointment and oath, and that he acted and discharged the duties of such deputy may also be shown. Waggoner v. Alvord, 81 Texas, 368; Mays v. Moore, 13 Texas, 88.

STEPHENS, Associate Justice.—This is the second appeal in this case, the position of the parties upon the docket, however, being now reversed. 3 Texas Civ. App., 320.

The first error is assigned to the refusal of appellants' third application for continuance, they having obtained two continuances prior to the first appeal. The absence of witness Hightower and of the leading counsel were the grounds of the application. The testimony of Hightower was shown to be material. Was the application in other respects such as to show a clear abuse of discretion in its refusal? It showed that the witness had resided in Nolan County since the institution of the suit till about two months before the trial, when he moved to some place in eastern Texas unknown to affiant (appellants' local attorney). It further alleged, that he had been duly subpœnaed in 1888, and had never disobeyed the subpœna, but had testified on former trial; and that affiant had made "inquiry about said witness as to where he went or would stop," and that "the last he heard of said witness he was in Van Zandt County, still moving;" but the time, nature, and extent of the inquiry were not disclosed. When affiant first learned of the removal, or whether he had notice of it beforehand, does not appear. Nor did the application directly allege or otherwise show that there was a reasonable probability that the testimony would be procured within a reasonable time, which, it seems, would ordinarily be by the next term of the court. The court might, not unreasonably, have concluded from the character of diligence shown that there was no such probability. We conclude, therefore, that no abuse of discretion is shown in the court's refusal to continue on account of the absence of this witness. Byne v. Jackson, 25 Texas, 96; Stachely v. Pierce, 28 Texas, 334.

To refute the other ground of the application, we need only to quote it in full: "And he further says, that A. T. Watts, the leading counsel in this cause for defendant, is at Dallas, Texas, sick with la grippe, and unable to be here present at the trial of this cause, as he shows by a telegram hereto attached."

The second error is assigned to the admission of oral proof to show the appointment of a deputy clerk. We think the loss of the writing was sufficiently shown to admit secondary evidence. The clerk making the appointment, who was the custodian of the record, aided by the attorney for appellee, had made diligent search in his office for the writing prior to the first trial and failed to find it, and had never seen it since, though he had removed all the papers in his office from one office to another.

The orders of sale, to the admission of which in evidence the third error is assigned, seem to have been rendered competent by the other evidence in connection with which they were offered, in order to render it more intelligible, but if not, no harm could have resulted from the introduction of irrelevant testimony of this character. It neither tended to confuse the jury nor to prejudice them against appellants.

The fourth assignment, not being presented in the brief, is waived; and the objection of appellee to the sixth we sustain, on the ground that it is too general.

This leaves only the fifth, complaining of the exclusion of evidence set out in bill of exceptions, as follows: "The defendants put J. H. Bardwell on the stand, and offered to prove by him that a short time after the sale of the horses in this cause in controversy to Holloway, Messrs. Cowan & Posey, who were Holloway's attorneys in this cause of Holloway against Fritz, cause number 93, and who represented him in the sale and purchase of the horses when they were sold to him by the sheriff, and who sued out the attachment, had the bond made, etc., in Holloway's absence, were interested in a levy made on said horses in another case, which levy was made on said horses as the property of N. J. & J. M. Fritz, and that said Cowan & Posey came to said J. H. Bardwell and hired him and paid him to look after and watch said horses pending said levy, stating to him that they were afraid Fritz would run said horses off, and that said horses were all that said Fritz had out of which to make their money; that he had been claiming them for Holloway, but that they (Cowan & Posey) knew to whom the horses belonged; to the introduction of which evidence plaintiffs by their attorney, W. H. Cowan, who was the same Cowan that had been attorney for Holloway and for Fritz, objected, which objection was by the court sustained and the said testimony excluded, to which ruling of the court defendants excepted."

. W. H. Cowan, of the firm of Cowan & Posey, testified as follows: "That witness remembered the occurrence of a levy of a writ of execution in favor of L. & H. Blum against N. J. Fritz & Son and the firm of Cowan & Posey, the latter being sureties for said Fritz & Son;

that G. A. Kirkland, attorney, was representing this execution for L. & H. Blum; that witness did not have any conversation with said Holloway about the levy; that his understanding is that Posey pointed out the property, and perhaps directed the levy to be made; said Posey told the witness what he had done; that said Holloway was absent at this time, and when he returned the levy was raised, because Holloway claimed the horses. Posey told witness that Holloway said he had sold or traded the horses to Fritz, and that he had no further interest in them, was why the levy was made, but that when Holloway returned he told Posey that said Fritz had failed to comply with his part of the trade, and that the horses were his (Holloway's). Witness then told said Posey, if Holloway claimed the horses, that he should release the levy, which was done, and the judgment of L. & H. Blum was afterwards settled by Cowan & Posey; that John Bardwell was employed by Cowan & Posey to look after and watch the horses while they were under levy of the Blum execution, and Cowan & Posey paid him for his services; that Posey made the arrangement with Bardwell. Witness may, and perhaps did, talk with said Bardwell about it, but does not now recollect it."

That the acts and declarations of Cowan & Posey in their own interest, and in the absence of Holloway, were inadmissible as original evidence against the latter, does not seem to be controverted; but the contention of this assignment, as interpreted by the proposition and statement submitted under it, is, that it was competent as contradicting evidence for the purpose of impeaching the witness Cowan. But it does not appear that any predicate had been laid for the impeachment, Cowan not having been asked whether he had ever made such a statement, much less at any particular time and place. His testimony was to the effect, that Posey had negotiated with Bardwell about the matter, and that while he may have also talked with Bardwell about it, he did not recollect it. Nor did the evidence offered necessarily contradict the testimony of Cowan, for it was only to the effect that Cowan & Posey had done and said certain things, which was consistent with the testimony of Cowan, that whatever had been done and said had been done and said by Posey, acting in behalf of the firm. Johnson v. Richardson, 52 Texas, 495.

It is not pretended that the above quoted evidence of Cowan was offered by appellee so as to make that of Bardwell admissible as a part of the same transaction or conversation. The proposed contradiction seems to have been upon an immaterial issue introduced by appellants.

It will also be noted, that the ground of objection to this evidence is not shown by the bill of exceptions or otherwise, and for that reason its exclusion would not be reversible error. Johnson v. Crawl, 55 Texas, 571, and cases there cited; Tel. Co. v. Arwine, 3 Texas Civ. App., 156.

The judgment is affirmed.

*Affirmed.*

Delivered April 10, 1895.