TEXAS & PACIFIC RAILWAY COMPANY ET AL. v. W. B. CURRIE.

Decided October 17, 1903.

**1.—Railroads—Regulations—Time of Trains—Negligent Delay in Shipment.**

The article of the statute giving to railway corporations "the right to regulate the time and manner in which passengers and property shall be transported," can not be invoked to exempt them from liability for negligent delay in the transportation of cattle, since such regulations must be reasonable, and the question here involved is one of negligence, and not an issue of reasonableness of regulations. Rev. Stats., art. 4484.

**2.—Same—Cattle Shipment—Measure of Damages—Shrinkage.**

In an action against railroads jointly sued for injuries to cattle during shipment, a charge defining plaintiff's damages as being such as he had sustained by reason of the negligence of either or all the defendants, but instructing that in assessing these damages the jury should apportion them against the several defendants according as such defendant's negligence occasioned the damages, was correct, and did not authorize a recovery for the loss due to the natural shrinkage which cattle sustain, even in the absence of negligence, in being shipped to market.

Appeal from the District Court of Mitchell. Tried below before Hon. W. K. Homan, Special Judge.

*B. G. Bidwell* and *A. S. Hawkins,* for appellant.

*Cowan & Burney,* for appellee.

SPEER, ASSOCIATE JUSTICE.—W. B. Currie recovered judgment in the District Court of Mitchell County against the Texas & Pacific Railway Company in the sum of $526.50, and against the Missouri, Kansas & Texas Railway Company in the sum of $1285.72, for damages growing out of a shipment of cattle from Big Springs, Texas, to the National Stock Yards, Illinois. Both companies appeal. The appellant, the Texas & Pacific Railway Company, assigns the following errors: First. That the court erred in refusing to submit to the jury its special charge as follows: "The law gives the railway company a right to regulate the time to be occupied by its trains between Big Springs and Fort Worth, in the transportation of cattle, and the law further presumes that said time when fixed by it is reasonable." Second. That it was misleading for the court to charge that damages could only be recovered against the appellant for injuries done on its line, and then charge that the measure of damages is the difference in the market value of the cattle at their destination at the time and in the condition in which they arrived there and what their market value would have been at the same point in the condition in which they would have been, and at the time they would have arrived, but for the negligence of the defendant companies, if any.

With respect to the first, we are of opinion there is no such presumption of law. Art. 4484, Sayles' Civ. Stats., cited by appellant, gives to railway corporations "the right to regulate the time and manner in which passengers and property shall be transported," but so far

as we are advised it has never been thought that such regulations would be enforced by the courts except where they were reasonable, and whether or not they are in any case reasonable is a question to be determined according to all the circumstances of such case. Furthermore, it was not an issue of reasonableness of regulations, but a question of negligence.

As to the second complaint, we do not think the jury could have been misled to the prejudice of appellant by the court's definition of the measure of damages. They understood from the entire charge that the appellee's damages, as defined, were such as he had sustained by reason of the negligence of either or all the defendants, but that in assessing these damages they would apportion them against the several defendants according as such defendant's negligence occasioned the damages. This is correct, and does not, as contended by appellant, authorize a recovery for the loss due to the natural shrinkage which cattle sustain in being shipped to market, even in the absence of negligence.

We think the appellee's petition was good as against the special exception of the appellant the Missouri, Kansas & Texas Company, and that its requested special charges were correctly refused.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.