CHICAGO, ROCK ISLAND & TEXAS RAILWAY COMPANY ET AL. V.
H. H. HALSELL.

Decided March 5, 1904.

**1.—Assignment of Error to Admission of Evidence—Bill of Exceptions.**

An assignment of error to the admission of certain evidence will be overruled where the bill of exceptions taken to the action of the court in overruling objections to it wholly fails to show that the evidence was in fact admitted.

**2.—Evidence—Market Value of Cattle.**

Where a witness had testified in substance that he knew the market value of the cattle in question, stating what it was at J., the point of shipment, and also at their destination, and that in their damaged condition they were worth at destination about what they were worth at J., his statement that, "taking into consideration everything in connection with the cattle, I would say that they were damaged at least $2.25 per head," was in effect but a short method of stating the difference in the market value of the cattle at J. and at their destination.

**3.—Parties—Railroads—Joint Shipment.**

Where judgment was had against three railroad companies for damages occurring to cattle in a joint shipment over them as connecting lines, and it appeared that one of the roads was not served with notice of the suit and did not enter an appearance, the judgment was reversed and the cause dismissed as to that defendant.

Appeal from the District Court of Wise. Tried below before Hon. J. W. Patterson.

*W. H. Lassiter, Robert Harrison* and *T. J. McMurray,* for appellants.

*J. M. Basham,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was tried in the District Court of Wise County on plaintiff's amended petition, wherein it was alleged that the defendants, the Chicago, Rock Island & Texas Railway Company, the Chicago, Rock Island & Pacific Railway Company, and the Choctaw, Oklahoma & Gulf Railway Company, were one and the same concern, and that they were, on October 14, 1902, engaged as partners in transporting freight and in operating lines of road extending from Jacksboro, Texas, to Forrest City, Ark.; that on that date the plaintiff shipped from Jacksboro, Texas, to Forrest City, Ark., 484 head of cattle, to have same fattened for market; that the cattle were negligently delayed en route and roughly handled so that the same were damaged in the sum of $1089. The appellants, the Chicago, Rock Island & Texas Railway Company and the Chicago, Rock Island & Pacific Railway Company, answered by general demurrer and general denial, and set up that they undertook the shipment under a written contract to carry the cattle from Jacksboro to El Reno, O. T., and there to deliver the same to their connecting carrier, the Choctaw, Oklahoma & Gulf Railway Company, and that they had done this without delay or negligence; that the written contract stipulated that they should not be liable for any damages occurring beyond their own line, and that they did

not do injury to the cattle, and that if they were damaged anywhere en route, it was while they were in the hands of their said connecting line. They also deny that they were in partnership or in any way connected, except that their line of railway connected with the Choctaw, Oklahoma & Gulf Railway at El Reno. The Choctaw, Oklahoma & Gulf Railway did not answer, and no service was obtained upon it. Appellee filed a supplemental petition in which he answered that the shipment was by virtue of an oral contract without limitation of liability, and that the written contracts, if any, were executed without authority. The case was tried before the court on July 2, 1903, and judgment was rendered against all railway companies named as partners, in the sum of $1089, from which judgment all have appealed to this court.

The first, second and third assignments of error are to the action of the court in overruling appellant's objections to certain evidence offered in behalf of appellee. As justification for overruling all of these assignments, it would be sufficient to say that the bills of exceptions wholly fail to show that the evidence objected to was in fact admitted, and therefore fail to show error. Fields v. Haley (Iowa), 52 S. W. Rep., 116; Jamison v. Dooley, 34 Texas Civ. App., —. Notwithstanding this, however, we have considered the rulings complained of and find no error therein.

Appellee testified in substance that he knew the market value of the cattle in question; that they were worth in Jacksboro $25.25 per head, and in Forrest City, Ark., with proper transportation, $28.50 each; and that in the damaged condition in which the cattle reached Forrest City they were worth on the market there about what they were worth in Jacksboro before shipment. We hence conclude that the statement objected to, that "taking into consideration everything in connection with the cattle, I would say that they [the cattle] were damaged at least $2.25 per head," was in effect but a short method of stating the difference in the market value of the cattle at Forrest City in the condition in which they did arrive and in the condition they would have arrived if properly transported. See also Missouri K. & T. Ry. Co. v. Woods, 31 S. W. Rep., 237; Gulf C. & S. F. Ry. Co. v. Hughes, 31 S. W. Rep., 411; Gulf W. T. & P. Ry. Co. v. Staton, 49 S. W. Rep., 277.

We think the letter and card of B. F. Davis were admissible in connection with other evidence which tended to show that said Davis, with the knowledge of the companies named, acted in their joint interest and for their common benefit. This evidence, as well perhaps as other evidence, at least tended to show the joint prosecution of a common undertaking, and seems to call for refutation on the part of those who best know the facts, if no joint relation existed, which was not attempted. Robinson v. First National Bank of Marietta, 3 Texas Law Journal, 282, and authorities therein cited.

The evidence as a whole we think sustains the judgment to the effect that the shipment and undertaking was a joint one, and that hence

all railway companies named are liable for the negligence of each, and the evidence otherwise sustaining the material allegations of appellee's petition, the judgment is affirmed except as to the Choctaw, Oklahoma & Gulf Railway Company, as to which the judgment will be reversed and the cause dismissed, it appearing that said last named railway company has neither been served with notice of this suit nor entered an appearance herein. Ordered accordingly.

*Affirmed in part; reversed and dismissed in part.*

Writ of error granted; judgment affirmed.