RED RIVER, TEXAS & SOUTHERN RAILWAY COMPANY ET AL. V. EASTIN & KNOX.

Decided May 27, 1905.

**1.—Cattle Shipment—Hearsay—Value—Opinion.**

Where a cattleman who had worked with cattle a long time accompanied a shipment of cattle to market, his testimony as to their value per head when shipped and his estimate of the damage to them resulting from delay in the transportation was not inadmissible as hearsay nor as opinion.

**2.—Same—Damage and Market Value—Evidence.**

Where the witness, after testifying to the value per head of the cattle at the point of shipment and their condition upon arrival at destination, stated that they were damaged $6 per head by the delay, etc., this was but a short method of stating the difference in their market value, and objection to the evidence on the ground that it did not form any basis for assessing the damages was not well taken. Following Railway v. Halsell, 36 Texas Civ. App. 522.

**3.—Same—Connecting Carriers—Refusal to Accept Cattle Tendered—Notice.**

Where a connecting railroad refused, without excuse, to receive cattle when tendered to it, and by reason thereof they had to be kept in muddy pens until it afterwards did accept them, it was liable for the damages naturally and proximately resulting therefrom, whether or not it had notice of the condition of the pens. Rev. Stats., arts. 4535, 4496.

**4.—Same—Tender for Shipment—Waiver.**

Where the connecting road agreed to receive the cattle tendered to it, this was a waiver of any informality or supposed insufficiency in the tender.

**5.—Same—Damage on Another Road.**

A judgment against the defendant roads for damages to a through shipment of cattle will not be reversed because there was evidence tending to show that the cattle received some damages on yet another road, not a party, where there was neither pleading nor proof that plaintiffs were responsible therefor, and the charge restricted the jury to such damages as resulted from the acts and negligence of the defendants.

Appeal from the District Court of Jack. Tried below before Hon. J. W. Patterson.

*N. H. Lassiter, Robert Harrison* and *Sil Stark,* for appellants.—1. The testimony of J. B. Graves was inadmissible, because it was the opinion of the witness, and does not state the facts. An estimate on the part of a witness in a lump sum of the gross amount of damage done to cattle per head should not go to the jury. The proper way to arrive at the measure of damage in such a case as this is to show the difference between the market value of the cattle as they did arrive and as they should have arrived. Railway Co. v. Halsell, 80 S. W. Rep., 141; Railway Co. v. Wright, 21 S. W. Rep., 80; Railway Co. v. Staton, 49 S. W. Rep., 277.

2. If the Red River, Texas & Southern Company was negligent in refusing to receive these cattle when tendered to it by the Rock Island, and on account thereof it was necessary to hold the cattle for a time in the pens of some other company at Fort Worth, the Red River, Texas & Southern Company is not liable for injury that arose by reason of the unusually muddy or bad condition of these pens, caused by the negligence of the owners thereof. Hunt Bros. v. Railway Co., 74 S. W. Rep., 69; Railway Co. v. Barry, 83 S. W. Rep., 5, and authorities cited.

3. The evidence showed that the cattle were damaged while in the possession of the Choctaw, Oklahoma and Gulf Railway Company, and fails to show what part of the damage occurred while in possession and in charge of these defendants. The evidence is insufficient to support the verdict because it fails to show what damage was done by these defendants and fails to show what damage was legally chargeable to

them.  Railway Co. v. Vaughan, 41 S. W. Rep., 416; Railway Co. v.
Llano Live Stock Co., 33 S. W. Rep., 748.

*Thos. D. Sporer,* for appellees.—1.  The evidence of said witnesses,
Graves and Knapp, was admissible because when taken together it
shows the difference between the market value of the cattle at Tulsa
in the condition in which they arrived and the condition in which they
should have arrived.  Texas & P. Ry. v. Boggs, 40 S. W. Rep., 21, 22;
Chicago, R. I. & T. Ry. Co. v. Halsell, 80 S. W. Rep., 140; Gulf, W.
T. & P. Ry. Co. v. McCampbell, 85 S. W. Rep., 1158; Fort Worth &
D. C. Ry. Co. v. Wagner Nat. Bank, 81 S. W. Rep., 1050.
   2.  Appellants should have received and carried the cattle to their
destination when offered to them at Fort Worth, and the damages, hav-
ing resulted solely from and after such wrongful refusal, appellants
became responsible therefor.  Rev. Stats., art. 4535; 3 U. S. Com.
Stats., p. 3155, sec. 3, p. 3159, secs. 7, 8, 9; Gulf, C. & S. F. Ry. Co. v.
Godair, 22 S. W. Rep., 777; 5 Am. & Eng. Ency. Law, 160 b; 6 Id.,
p. 608.
   3.  It was shown that the cattle were tendered to appellants, and they
having agreed to receive the same, and they, not having plead that
the tender was not made in their petition, and not having shown that
the pens in which the cattle were tendered were not their pens, can not
now urge as a defense that the pens were not theirs, and that they are
not responsible for the cattle being damaged therein by reason of their
muddy condition.  Lemmon v. Hanley, 28 Texas, 227; Mimms v. Mitch-
ell, 1 Texas, 443; 1 Rose Notes, Texas Repts., 40; 2 Rose Notes, Texas
Repts., 164; 1 Greenleaf on Ev., secs. 50, 51.

CONNER, Chief Justice.—Appellees instituted this suit against
the Chicago, Rock Island & Gulf, the Chicago, Rock Island & Pacific,
the Red River, Texas & Southern, and the St. Louis & San Francisco
Railway Companies in the District Court of Jack County, to recover
damages because of injuries to 157 head of cattle shipped from Jacks-
boro, Texas, to Tulsa, Indian Territory, on November 22, 1902.  The
trial resulted in a judgment in favor of the two Rock Island companies
and against the others named, which are designated in the evidence,
and for the sake of brevity, will hereafter be referred to as the Frisco.
   Briefly stated, it was alleged and proven that on November 22, 1902,
appellees entered into a shipping contract with the Chicago, Rock Island
& Gulf Railway Company at Jacksboro for transportation of said cattle
to Fort Worth, and thence via the other railway companies named to
Tulsa.  Upon arrival in Fort Worth the Frisco was notified thereof
and tender made of the cattle for immediate continued transportation.
The Frisco at first agreed to receive and ship the cattle as originally
billed, but later refused on the ground that a bridge on its line had
washed away.  The cattle were therefore unloaded in pens used by the
Rock Island and Frisco companies and remained therein until appellees,
after considerable effort secured a new contract with the Rock Island
companies to ship the cattle over their line by way of Oklahoma City.
The pens were very muddy.  The cattle remained therein from Sun-
day morning until Tuesday evening of the same week, when they finally

left Fort Worth over the Rock Island. The evidence tends to show that this detention in the pens could not reasonably have been avoided, and that the cattle were damaged by reason thereof as alleged. No evidence whatever justifying the Frisco in its refusal to receive the cattle was offered, and it further appears that the cattle were delivered to the Frisco at Oklahoma City, and by that company further transported to Tulsa, where they were finally delivered, and where it was found that the cattle were injured and depreciated in value in the amount of the verdict and judgment.

Error is first assigned to the court's ruling in admitting the testimony of J. B. Graves, who accompanied the cattle, as to the amount of damage. The bill of exception shows that he testified that the cattle were worth $20 a piece when they left Jacksboro, and in his opinion were damaged $6 en route to Tulsa. The testimony is objected to as hearsay, irrelevant and only the opinion of the witness, and that the answer did not form any basis for assessing damages in the case, and was not proper basis for damage. If competent the evidence was certainly relevant. It related to one of the material issues in the case, and the objection that it was hearsay is untenable as against opinions of qualified persons of market value. Knowledge of market values being frequently based wholly upon knowledge of sales made between others, market reports, etc. It is not objected that the witness did not qualify himself. Among other things he testified as follows: "These cattle were worth about $20 per head. I am a cattleman and have worked with cattle a long time. I think I know the value of cattle. I ought to. When these cattle left here they were in a condition for beef. By being left in the muddy pens at Fort Worth and at Oklahoma City and on the side track, and being hauled around like they were, these cattle were just damaged enough that when they left here they were in a condition for beef and when they got to Tulsa they were in a condition to be put on feed. That was their condition. They were skinned and bruised up some." He further testified that because of their condition when they were put in the pens at Tulsa, they would not at first eat. And we think the court's ruling came fairly within the conclusion reached by us in the case of Chicago, Rock Island & Texas Railway Company v. Halsell, 36 Texas Civ. App., 522, 80 S. W. Rep., 140, where testimony of a similar character was held to be but a short method of stating the difference in the market value of the cattle in controversy. See that case and authorities on that point therein cited. We think it apparent from the agreed statement of facts and appellant's bill of exception No. 1, and the court's explanation thereof that the evidence was directed to the issue of the difference between the market value of the cattle in controversy at Tulsa in the condition they did arrive and in which they would have arrived had due care and diligence been exercised in the transportation; and the witness having stated the facts we conclude as a whole that no reversible error in the respect discussed has been shown.

What we have said in the disposition of the first assignment we think also substantially applies to the objections made to the introduction of the evidence complained of in the second assignment, which will therefore also be overruled.

Error is assigned to the third paragraph of the court's charge, which is as follows: "If you believe the cattle were carried by the defendant Chicago, Rock Island & Gulf Railway Company to Fort Worth, and there tendered to the Red River, Texas & Southern Railroad Company, and if you believe that said Red River, Texas & Southern Railroad Company negligently failed to receive said cattle and transport them on over their line, and if you believe that by reason of such failure the cattle had to be kept in muddy pens at Fort Worth, Texas, for a considerable time, and if by reason thereof the said cattle were damaged, then if you so find and believe, you are charged that said Red River, Texas & Southern Railroad Company would be liable to plaintiff for such damages as were incurred by such failure to receive and transport said cattle." Revised Statutes, article 4535, made it the duty of the Frisco to receive from the Rock Island the cattle tendered to it for the purpose of further transportation. And article 4496, Revised Statutes, expressly declares that in case of a refusal to so take and transport property, the refusing corporation shall pay to the party aggrieved all damages which shall be sustained thereby. As before stated, no excuse for failure to receive the cattle was shown by the Frisco. The evidence tended to show that the detention in the pens was reasonably necessary, and the charge in question required the jury to "believe that by reason of such failure the cattle had to be kept in the muddy pens," etc. In such event we think the damage done the cattle by reason of their necessary detention in the pens was damage for which the Frisco was liable. In such case it can not escape liability on the ground, as insisted, that it could assume that the cattle would be reasonably well cared for during the enforced detention in Fort Worth. Under the state of facts submitted by the charge, the Frisco was liable for all damages that naturally and proximately resulted from its failure, whether it had notice of the condition of the pens or not, as in such case the law will impute notice to it of such proximate and natural results. Besides, if the pens were thus used by the Frisco, as there was evidence tending to show, knowledge and responsibility for the condition of the pens should also be imputed to it.

Complaint is made of the action of the court in overruling the motion for a new trial on numerous grounds. One is that there is no evidence of a sufficient tender of the cattle and tariff rate at Fort Worth. This objection, however, it seems to us, is completely answered by the statement that no such objection was urged at the time, and that the Frisco at first agreed to receive the cattle, thereby waiving any informality or supposed insufficiency in the tender. Again it is insisted that the evidence tends to show that the cattle received some damage at Oklahoma City while on the Choctaw, Oklahoma & Gulf Railway Company. There is some evidence of damages as presented in this contention, but we think the evidence in this particular does not require a reversal. There is neither pleading nor proof that appellees were responsible therefor, or that the injuries mentioned, if any, were the result of negligence on the part of anyone, and the court in its charge expressly limited the jury in their finding of damages to such as resulted from negligence on the part of the Frisco. The jury under the charge were not authorized to find damages against the Frisco, except such as resulted from

the detention of the cattle in the pens at Fort Worth, and such as resulted from its negligence after having received the cattle at Oklahoma City, thus, as stated, excluding from the consideration of the jury the damages, if any, occurring on other lines.

What we have said we think substantially disposes of all assignments, and all are accordingly overruled and the judgment affirmed.

*Affirmed.*

Writ of error refused.