## ST. LOUIS, B. & M. RY. CO. v. WOOD BROS.

(Court of Civil Appeals of Texas. San Antonio. April 17, 1912. Rehearing Denied May 15, 1912.)

1. APPEAL AND ERROR (§ 773*)—FAILURE TO FILE APPELLANT'S BRIEF—EFFECT.

Where a copy of appellant's brief containing only one assignment of error was received by the attorney for appellee 12 days before the day set for submission, and appellee had ample time in which to answer it, a motion to dismiss the appeal because of appellant's failure to file briefs within the time prescribed by court rule 39 (142 S. W. xiii) will be denied.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108–3110; Dec. Dig. § 773.*]

2. EVIDENCE (§ 543*)—OPINION EVIDENCE—COMPETENCY OF EXPERTS.

One who has spent his life in the cattle business, and who knows the effect on cattle of placing them in pens and keeping them there from 24 to 30 hours without food or water, and who is familiar with the market value of cattle, and who knows the condition of a shipment of cattle detained in pens for the failure of the carrier to furnish cars, and delay during shipment, is competent to testify as to the amount of the depreciation in the market value of the cattle.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2356½–2358; Dec. Dig. § 543.*]

3. EVIDENCE (§ 506*)—OPINION EVIDENCE—MATTERS IN ISSUE.

In an action against a carrier for failure to furnish cars for the transportation of cattle, and for injury to the cattle caused by delay and rough handling during transportation, the testimony of a competent witness as to the amount of the depreciation in the market value of the cattle caused thereby was admissible as against the objection that the testimony infringed on the right of the jury to determine the question.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2309; Dec. Dig. § 506.*]

Appeal from Victoria County Court; J. P. Pool, Judge.

Action by Wood Bros. against the St. Louis, Brownsville & Mexico Railway Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Claude Pollard and C. M. Robards, both of Kingsville, for appellant. T. R. Wood, of Victoria, for appellees.

MOURSUND, J. [1] Appellees filed a motion to dismiss the appeal because of appellant's failure to file briefs within the time prescribed by rule 39 (142 S. W. xiii). It appearing from the motion that a copy of appellant's brief was received by attorney for appellees 12 days before the day set for submission, and it also appearing that such brief contains only one assignment of error, we hold that appellees had ample time in which to answer the same, and overrule the motion. San Antonio & Aransas Pass Ry. Co. v. Holden, 93 Tex. 211, 54 S. W. 751; Freeman v. Taylor, 130 S. W. 733. This suit was instituted by appellees against appellant to recover damages in the sum of $951 for failure to furnish cars as agreed upon, and for injury, delay, and rough handling of a shipment of 409 head of stock cattle shipped from Woodsboro, Tex., to Keeran, Tex. Upon trial the jury returned a verdict for appellees for $754, and judgment was rendered accordingly, from which appellant has perfected its appeal.

[2, 3] The only assignment of error is one complaining of the admission of the testimony of R. H. Wood, one of the appellees, to the effect that the depreciation in the market value of the cattle at Keeran, Tex., was $1.50 per head. This evidence was objected to (1) because such an opinion of the witness involved a mixed question of law and fact upon which he was not qualified to give an opinion, and the witness was not properly qualified to give such an opinion as an expert (2) because it was a question for the jury to decide upon all the facts and circumstances surrounding the movement and handling of the cattle in question. It appears from the bill of exceptions that the question and answer were as follows: "Q. From your knowledge of the condition of the cattle, and your knowledge of the market value of such cattle at Keeran, Tex., what, in your opinion, was the depreciation, per head, in the market value at Keeran, Tex., of the 394 head of cattle which arrived at Keeran? A. The remaining 409 head of cattle, less the 15 dead ones, were injured, and the market value depreciated about $1.50 per head. I am

familiar with the market value of such cattle, and in my opinion the remaining 394 head were worth $1.50 less per head in the condition in which they did arrive than in the condition in which they should have arrived at Keeran. I make this statement because I know the condition of the cattle and the market value of such cattle." The witness had already testified that he was familiar with the cattle, and knew their condition at the time they were placed in the pens for shipment, and when they arrived at their destination, and when they were driven out of the pens at Keeran; that he accompanied the cattle; that 15 cows died and the remaining 394 were in a weakened condition and damaged; that he was familiar with the market value of cows at Keeran—that is, the character of cattle that were killed—and knew what their market value was at that time; that in his opinion the 15 cows that died were of the reasonable market value at Keeran, Tex., of $24 each. Then followed the testimony which was objected to. He also testified as follows: "My whole life has been spent in the cattle business, and I know the effect it has upon cattle to place them in pens, and keep them there from 24 to 30 hours without food or water. It damages them very much, causes them to shrink in weight, weakens them, which depreciates their market value." Considering the question and answer and the other evidence, we think the testimony was sufficient to show that the witness knew the market value of the cattle at Keeran; that appellant so understood it is evidenced by the fact that no objection was made based on the ground that the witness was not shown to know the market value of such cattle at Keeran. He testified to the difference in the market value in the condition in which they arrived and the condition in which they should have arrived. We think the testimony was not subject to either of the objections made to its admission. It has been held that such an opinion does not violate the principle that a witness cannot express an opinion upon a mixed question of law and fact. T. & P. Ry. Co. v. Henson, 56 Tex. Civ. App. 468, 121 S. W. 1127. We think the evidence was sufficient to qualify the witness to give the opinion. It is true that it was a fact for the jury to decide how much the cattle were damaged, in case they found that plaintiff had a cause of action. The admission of this evidence does not infringe upon the right of the jury to determine such question, nor did the jury regard the estimate as binding upon them, for they only allowed $1 per head.

The admission of similar testimony has been held not to constitute reversible error in a number of cases. See St. Louis, I.

M. & S. Ry. Co. v. Boshear, 108 S. W. 1035; also the following cases: C., R. I. & T. Ry. Co. v. Halsell, 35 Tex. Civ. App. 126, 80 S. W. 140; F. W. & D. C. Ry. Co. v. Waggoner Nat. Bank, 36 Tex. Civ. App. 293, 81 S. W. 1050; Chicago, R. I. & G. Ry. Co. v. Jones, 118 S. W. 760; Red River, T. & S. Ry. Co. v. Easton & Knox, 39 Tex. Civ. App. 579, 88 S. W. 531; Texas & Pac. Ry. Co. v. Barber, 30 S. W. 500.

Judgment affirmed.