ST. LOUIS & S. F. R. CO. et al. v. WELLS, NASH & NASH et al.

(Court of Civil Appeals of Texas. Austin. Dec. 18, 1912. Rehearing Denied Feb. 5, 1913.)

1. CARRIERS (§ 227*) — DELAY — PLEADING — NEGLIGENCE.

In an action against a carrier for damages for delay in delivering cattle, an exception to an allegation by defendant that the delay was caused by a wreck, it not being alleged that the wreck was not caused by the negligence of defendant, was properly sustained.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 232, 953–956; Dec. Dig. § 227.*]

2. CARRIERS (§ 228*)—DELAY—EVIDENCE.

In an action against a carrier for delay in a shipment of cattle, evidence *held* to warrant a finding of an unreasonable delay, which compelled plaintiff to hold the cattle over to the next day.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by Wells, Nash & Nash and others against the St. Louis & San Francisco Railroad Company and others. Judgment for plaintiffs, and the St. Louis & San Francisco Railroad Company appeals. Affirmed.

Andrews, Ball & Streetman, of Houston, A. H. Dashiell, and Wm. P. Dumas, both of Terrell, for appellant. Wynne & Wynne, of Wills Point, for appellees.

JENKINS, J. Appellees brought this suit in the district court of Kaufman county, against the Texas Midland Railroad, the P. & G. N. R. R., and the St. Louis & San Francisco Railroad to recover the sum of $1,370.95 damages, alleged to have been caused to a shipment of cattle by reason of delay and rough handling. Said cattle were shipped from Kaufman, Tex., at about noon on May 14, 1910, and were delivered in St. Louis at 8 p. m. on May 16, 1910. There was a judgment for appellees against appellant for $800, and in favor of the other defendants.

[1] Appellant, among other things, alleged that a delay of 8 hours and 45 minutes at Paris was caused by a wreck on its road at Grant, Okl. Appellees excepted to this plea upon the ground that it was not alleged that said wreck was not caused by negligence of appellant. The court sustained the exception. In this there was no error. Hahn v. St. L., K. C. & C. Ry., 141 Mo. App. 453, 125 S. W. 1185; Rogers v. T. & P. Ry. Co., 94 S. W. 159.

[2] The evidence as to the ordinary time that should be consumed between Kaufman and St. Louis varied from 30 to 48 hours. Appellant alleged that the time required for the transportation of cattle between the points named was 42 to 48 hours. Appellant's superintendent of transportation testified that the schedule time was 41 hours and

44 minutes. The time actually consumed, aside from delays, was 31 hours and 25 minutes. The testimony shows a delay at Grant, on account of the wreck, of 2 hours and 10 minutes, which added to the 8 hours and 45 minutes delay at Paris, occasioned by said wreck, makes 10 hours and 45 minutes. The cattle arrived at St. Louis at 8 p. m., as above stated; but for this delay of 10 hours and 45 minutes they would have arrived at St. Louis at 9:15 a. m. May 16th, and in time for the market of that day. There are other delays shown by the evidence which, perhaps, might properly be charged to appellant. For instance, appellant's testimony shows that, in addition to the 2 hours and 10 minutes delay at Grant on account of the wreck, there was an additional delay of 45 minutes for taking water at said station. If this was occasioned by reason of the train's not being able to get to the water on account of the wreck, it should be added to the 2 hours and 10 minutes; if not, the train ought to have been taking water while it was waiting for the wreck to be cleared. Appellant's testimony shows that there was a delay at Monette of 50 minutes, and at Newberry of 35 minutes, neither of which is accounted for. This would be an additional delay of 2 hours and 10 minutes, which, if it be charged against appellants, shows that the cattle should have arrived in St. Louis at 7:05 a. m. on May 16th, instead of at 8 p. m. on that day. The testimony is ample to sustain the verdict of $800 damages.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.