ST. LOUIS, S. F. & T. RY. CO. et al. v.
ARMSTRONG. (No. 7,878.)

(Court of Civil Appeals of Texas. Ft. Worth.
March 7, 1914. Rehearing Denied
April 11, 1914.)

1. APPEAL AND ERROR (§ 742*)—QUESTIONS REVIEWABLE—INSTRUCTIONS—STATEMENT.

Where the statement, under an assignment complaining of an instruction on the measure of damages for delay in the transportation of live stock, consisted of the instruction, but did not point out anything to indicate that the jury awarded excessive damages, the record did not show that the error, if any, in the instruc-

tion objected to as allowing double damages was prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 750*)—QUESTIONS REVIEWABLE—OBJECTIONS TO INSTRUCTIONS —PLEADINGS.

Where the court sustained an exception to allegations of the answer, but error was not assigned to the ruling, assignments of error could not be based on the refusal of a special charge submitting the defense presented by the allegations.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3074-3083; Dec. Dig. § 750.*]

3. CARRIERS (§ 213*)—DELAY IN TRANSPORTATION OF LIVE STOCK—JUSTIFICATION.

An unreasonable delay in the transportation of live stock is not justified by the maintenance by the carrier of a schedule resulting in such delay.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 920-922; Dec. Dig. § 213.*]

4. EVIDENCE (§ 543½*)—OPINION EVIDENCE— COMPETENCY OF EXPERT.

A witness who knew the market value of cattle, and who was qualified by reason of his wide experience to give his opinion of the rate of decline in value of cattle because of their stale and drawn condition, caused by a delay in their transportation, was competent to give his opinion of the aggregate amount of damages caused by delay in transporting cattle for the market.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2359; Dec. Dig. § 543½.*]

5. CARRIERS (§ 228*) — CARRIAGE OF LIVE STOCK—DELAY—DAMAGES—EVIDENCE.

Where, in an action for delay in the transportation of cattle for sale at stock markets, market reports covering the time involved were received in evidence without objection, and the shipper testified to the classes and conditions of the cattle in the several shipments, and gave market prices at several periods, stating that the shipments would be included in the range of such prices, a prima facie case of market values was shown to justify the jury in awarding damages for decline in market price.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957-960; Dec. Dig. § 228.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by George W. Armstrong against the St. Louis, San Francisco & Texas Railway Company and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Andrews, Ball & Streetman, Thompson & Barwise, J. M. Chambers, W. H. Francis, and Lockett & Rowe, all of Ft. Worth, for appellants. Alexander, Power & Ridgway, of Ft. Worth, for appellee.

CONNER, C. J. At various dates, beginning December 10, 1910, and ending June 9, 1912, appellee delivered in separate lots to the St. Louis & San Francisco Railroad Company and the St. Louis, San Francisco & Texas Railway Company some 1,312 head of cattle for transportation to cattle markets of the country. Nine of the shipments were from Scullin, Okl., to the National Stockyards, Ill., two from Roff, Okl., to the same place, three from Roff to Kansas City, and two from Roff to Ft. Worth, Tex.; there being 16 separate shipments in all. Appellee alleged unreasonable delays in the several shipments, resulting in loss in weight, depreciated value in appearance, and a 10 per cent. decline in market price as to several shipments. Each shipment was separately presented, showing the number in the lot, the loss in weight, the amount of depreciation in value, and the entire damage to the shipment. The total damage so claimed to the 16 shipments aggregated $3,691.06. A trial before a jury on the issues presented in the court's charge resulted in a verdict for appellee. The verdict in assessing the damages followed the plan of the plaintiff's pleading; that is, the verdict specified the several shipments on account of which the jury assessed damages, and stated the amount of the damage thereto. On 3 of the shipments it was found there was no damage. On 11 of the remaining shipments the several amounts found and assessed against the appellant St. Louis & San Francisco Railroad Company aggregated $2,584.91. On the remaining 2 shipments the aggregate amount of damage found was $134.43, which was assessed against appellant St. Louis, San Francisco & Texas Railway Company. The judgment followed the verdict, and both railway companies appeal.

In the third paragraph of the court's charge the jury were instructed that if they found negligent delay in the shipment from Roff to Ft. Worth, and that "thereby said cattle were caused to lose flesh and depreciate in market value," then the finding should be for the plaintiff and his damage, measured by "the difference in the market value of such cattle in the condition when they reached the market" and the market value in the condition the cattle would have arrived but for such delay. And further charged that in event of such negligent delay, and that the cattle thereby arrived at the market a day later than they would otherwise have arrived, and there was a difference in the market price in favor of the first day, "and that plaintiff was caused to receive for said cattle a lower price by reason of such delay, if any, than he would have received had he sold on the day previous, then you will allow the plaintiff such sum of money as in your judgment will be a fair and reasonable compensation for such loss, if any, to cover such decline in the market value of said cattle."

The fifth paragraph of the court's charge is substantially the same as the third paragraph except that it related to the shipments to Kansas City and St. Louis, and error is assigned to both paragraphs on the ground that thereby the jury were authorized to find "double damages to the extent of any decline in value as the jury might find to have occurred."

[1] The plaintiff's petition is very explicit in describing the elements of his damage. As

alleged, they were loss in weight, depreciated value because of stale and drawn appearance, and decline in market value as to some of the shipments, in view of which we are not inclined to think that the charges are to be construed as urged. The jury most probably understood the charges as the court evidently intended, that is, that in measuring the damages the increased loss in weight and the depreciated value in appearance caused by negligent delays should be allowed, to which might be added loss by reason of a decline in market price, if any, in the few instances in which a decline in the market was alleged. But if mistaken in this view, there is nothing in the statement under the assignments raising the question that indicates a prejudicial result. The statement consists wholly of the charges objected to. If there was any evidence of a decline in market on any occasion involved, or if the verdict included, or probably included, damages in any amount on this ground, the statement fails to point it out. Moreover, the consequences could but unduly augment the damages by adding loss by reason of a fall in market price on the few occasions alleged, and the amount of the excess, if any, is not shown, so that in no view of the question that we have been able to take do we think a reversal of the judgment should be ordered.

[2] Error is assigned to the refusal of the following special charge, viz.: "Gentlemen of the jury, if you find that the defendants had a schedule covering the movement of its live stock trains between Roff and Schullin, Okl., and Kansas City, Mo., and between Roff and Scullin, Okl., and St. Louis, Mo., and if you find and believe that such schedules were reasonable, and that any of the shipments in question reached their destination within the time limit of such schedules, then the plaintiff cannot recover anything as damages for delay as to any of such shipments so reaching destination." The court sustained an exception to all that part of the answer alleging reasonable schedules for its trains, and error has not been assigned to this action of the court, so that there is now no effective basis in the pleading for the special defense presented in the rejected charge.

[3] Moreover, the material question relating to the time occupied in the several transportations was not one of train schedule, but one of negligence vel non. If the time consumed was not unreasonable, the jury under the court's charge were not authorized to find for plaintiff. If it was, no schedule would justify. All assignments raising the question so presented must therefore be overruled. See City of Dallas v. Beeman, 23 Tex. Civ. App. 315, 55 S. W. 762; H. & T. C. Ry. Co. v. George, 60 S. W. 313; G., C. & S. F. Ry. Co. v Porter, 25 Tex. Civ. App. 491, 61 S. W. 343; Tex. & Pac. Ry. Co. v. Currie, 33 Tex. Civ. App. 277, 76 S. W. 810.

[4] The witness Gibson who sold a number of the shipments in question was permitted to testify that the cattle sold by him were stale, gaunt, and drawn, which condition rendered them less valuable on the market, and that in his opinion the cattle were damaged at least 10 cents per hundred pounds, stating the aggregate amount of damages to each shipment. This was objected to on the ground that the witness had not stated the market value of cattle at the several times about which he testified, and that his answer invaded the province of the jury. Neither objection is maintainable. The witness testified that he knew the market prices, and was shown to have wide experience and was qualified as an expert to give his opinion of the rate of decline in value because of a stale and drawn condition of cattle. The rate of decrease manifestly applied whatever the state of the market, and his opinion of the aggregate amount of damages was but a short rendition of the circumstances in each particular case. See Railway v. Woods, 31 S. W. 237; Railway v. Halsell, 35 Tex. Civ. App. 126, 80 S. W. 140; Railway v. Richards, 105 S. W. 236; Railway v. Knox, 151 S. W. 902; 17 Cyc. p. 53.

[5] The remaining assignments in one form or another question the sufficiency of the evidence. The evidence relating to the several shipments and to the case as a whole is entirely too voluminous to recite, but it has been considered with all of the care we have been able to devote to it, and our conclusion is that the evidence warranted the charges submitted and sufficiently supports the verdict and judgment. The evidence of negligent delays and consequent loss in weight and of depreciated value because of a stale and drawn appearance of the cattle is abundant. On the question of market prices and value many, if not all, of the witnesses failed to state market prices on the several days the several lots of cattle were sold, but many market reports were read in evidence, without objection, which covered in a general way the time involved, and some of which were for particular days of particular sales. Appellee also testified to the classes and conditions of the cattle in the several shipments, and gave market prices at several periods, stating that the shipments "would be included in the range of the prices quoted by him," all of which, it seems to us, sufficiently make a prima facie case of market values. That is, we think the general range of prices given should be held to apply to all shipments questioned, in the absence of evidence tending to show that on any one or more occasions market prices were variant from those shown. There is no such evidence. If the jury in any case assessed damages for loss in weight, depreciated value, or decline in market price without evidence to support the assessment, it has not been pointed out. On the whole, we think all assignments involving a consideration of the evidence must be overruled.

The judgment is affirmed.