## WILKINS et al. v. GULF, C. & S. F. RY. CO. et al. (No. 2797.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 24, 1923. Rehearing Granted Feb. 28, 1924.)

1. **Appeal and error** ⬅️499(3)—**Objection to exclusion of evidence not considered where record does not state grounds of objection.**

Assignments of error complaining of the action of the court in sustaining objections to certain testimony will not be considered on appeal where the grounds of the objection are not stated.

2. **Carriers** ⬅️228(3)—**Evidence held inadmissible on question whether cattle had been transported in reasonable time.**

In action against railroad for delay in shipment of cattle, in which it was claimed that a certain number of hours was an unreasonable time to consume in transportation of the shipment, evidence that according to the railroad's records a greater period of time had been consumed in transportation of cattle between the same points in at least 35 isolated instances during a certain year *held* not admissible, being irrelevant, immaterial, and calculated to mislead the jury, especially in the absence of a showing as to the circumstances accompanying the transportation of the other shipments.

3. **Carriers** ⬅️228(3)—**Testimony as to rule of railroad held not admissible in action for negligent delay in transportation of live stock.**

In an action for delay in shipment of cattle, testimony as to a rule of the railroad as to

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

period of time to be given for transportation of live stock from point where plaintiff's cattle were alleged to have been negligently delayed to the point to which such cattle were shipped held not admissible, since such testimony does not tend to either prove or disprove that the railroad was guilty of negligent delay in transporting cattle.

#### On Motion for Rehearing.

**4. Appeal and error ⊙⟞1052(8)—Admission of evidence held not ground for reversal where court could properly have directed verdict for successful party.**

In an action for negligent delay in transportation of live stock, in which the evidence did not warrant a finding that the railroads were guilty of negligence, and it would not have been error had the trial court peremptorily instructed jury to return a verdict in their favor, a judgment for the railroads will not be reversed because of error in admission of evidence for railroads.

**5. Carriers ⊙⟞230(3)—Evidence held not to create issue for jury as to negligence of railroads in transportation of live stock.**

In action against railroads for negligent delay in transportation of cattle, in which the railroad's testimony that the delay at a certain point where cars were inspected and switched was a reasonable delay was not contradicted though plaintiff's agent accompanied the shipment, and there was no testimony to prove that delay at other points was not necessary to comply with U. S. Comp. St. § 8651, forbidding confinement of live stock in same cars for a longer period than 36 hours without unloading them for rest, water, and feeding for at least 5 consecutive hours, the court would have been warranted in peremptorily instructing the jury to return a verdict for the railroad.

Appeal from District Court, Denton County; C. R. Pearman, Judge.

Suit by E. S. Wilkins and another against the Gulf, Colorado & Sante Fé Railway Company and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

The suit was by appellants (E. S. Wilkins and E. B. Brown) against appellees (the Gulf, Colorado & Santa Fé Railway Company and the Atchison, Topeka & Santa Fé Railway Company). It was to recover damages which appellants claimed they suffered because of the failure (they alleged) of appellees to use care to transport a shipment of 190 head of cattle over their lines of railway from Sanger, Tex., to Kansas City, Mo., within a reasonable time. On a finding by a jury against appellants' contention, judgment was rendered in appellees' favor for costs; whereupon appellants prosecuted this appeal.

Hopkins & Jackson, of Denton, for appellants.

Robert H. Hopkins, of Denton, and Lee & Lomax, of Fort Worth, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] The action of the trial court in sustaining objections of appellees to certain testimony offered by appellants at the trial is made the basis of the first, second, and third assignments. The grounds of the objections are not stated in the record, and therefore appellants are not entitled to have the contentions presented by the assignments determined. Coal Co. v. Lawson, 10 Tex. Civ. App. 491, 31 S. W. 843; Cabell v. Holloway, 10 Tex. Civ. App. 307, 31 S. W. 201.

[2] It appears from testimony in the record that the cattle reached Kansas City about 48 hours after they were loaded on cars at Sanger. Appellants' contention was that 48 hours was an unreasonable time to consume in transporting the shipment. Appellees contended to the contrary, and, as supporting their view, were permitted, over appellants' objections, to prove that it appeared from records appellees kept that in at least 35 isolated instances during the year 1920 they consumed more than 48 hours in transporting shipments from Sanger, and from Fort Worth to Kansas City. We think the testimony should have been excluded on the ground urged by appellants, to wit, that it "was [quoting] irrelevant and immaterial and calculated to mislead the jury." It appeared from the records referred to that the time consumed in transporting the shipments ranged from 50 hours, the least time, to 113 hours, the greatest. The circumstances accompanying the transportation of the shipments, respectively, were not shown. Certainly, if the testimony would have been admissible in any event (and we do not think it would have been [1 Greenl. on Ev. § 52; 10 R. C. L. 927]), it was not admissible in the absence of proof of such circumstances; for without such proof the jury could not know what weight, if any, should be given the testimony.

Appellees insist that, if it was error to admit the testimony referred to above, the judgment should not for that reason be reversed, because there was no testimony, they say, showing "what was the usual and customary time for transporting shipments from Sanger to Kansas City," and, therefore, they say, the court could not have rendered a judgment in appellants' favor. The answer to the contention is that "it was not," quoting from the opinion of the court in Ry. Co. v. Hines (Tex. Civ. App.) 239 S. W. 244, "a necessary element in the proof that the usual time of making the run should be shown." It appears from the record that the shipment was held one hour and 40 minutes at Gainesville, and that it may have been held at Emporia from 7 to 9 hours longer than was necessary to enable appellees to comply with the requirement of the law about feeding and watering such stock. It appeared from other testimony that

had the cattle reached Kansas City about 7 hours before they did reach there they could have been sold before the close of the market on July 20 and that appellants' would not have had to sell them on a declining market on July 21. Such being the state of the testimony we do not think it should be said it appeared as a matter of law that appellants were not entitled to the relief they sought. Ry. Co. v. Wells, Nash & Nash (Tex. Civ. App.) 153 S. W. 659.

[3] There was testimony that the cattle were loaded on cars at Sanger at 8 o'clock p. m. July 19, and that they reached Emporia, Kan., at 11:15 p. m. July 20, where they were unloaded and given food and water, and where they were held until 12:15 p. m. July 21. As explanatory of the delay the witness Dickensheets, appellee's chief dispatcher at Emporia, over appellants' objection that it was irrelevant and immaterial, was permitted to testify as follows:

"We have a ruling on our division that stock must have 9 hours and 30 minutes on arrival at Emporia, Kan., in order to make Kansas City for feed, and it is not advisable to vary from this rule and try to make the run in shorter time, as we have had cases of viola-' tion of the 36 hour law in trying to do this."

The testimony did not tend either to prove or disprove that appellees were guilty of the negligence charged against them, and it should be excluded if it is offered when the cause is tried again (Ry. Co. v. Porter, 25 Tex. Civ. App. 491, 61 S. W. 343; Ry. Co. v. Armstrong [Tex. Civ. App.] 166 S. W. 366); and so, we think, should be the testimony of the witness Lomax admitted over appellants' objection and set out in their bill of exception numbered 12.

The judgment is reversed, and the cause is remanded for a new trial.

On Motion of Appellees for a Rehearing.

[4, 5] Appellees insisted when the record was first before us for consideration that the judgment should be affirmed without respect to whether the trial court erred in the rulings appellants complained of or not, because, appellees said, the testimony heard at the trial did not warrant a finding that they were guilty of negligence as charged against them, and therefore, they said, it would not have been error had the trial court peremptorily instructed the jury to return a verdict in their favor. The insistence is renewed in the motion, and a majority of the members of the court have concluded, after further consideration of the testimony in the record, that it should be sustained. The explanation offered by appellees of the delay at Gainesville, to wit, that the station was a divisional terminal where it was necessary to consume quite a little time in inspecting and switching the 40 cars constituting the train the cattle were in, was a reasonable one, and, notwithstanding appellants' agent (the witness Cushenberry) accompanied the shipment, they offered no testimony tending to show that any part of the delay there was not necessary. And so as to delay at Emporia. With reference to that the witness Dickensheets testified, and was not contradicted, that the delay of 12 to 14 hours there was necessary in order to properly comply with the federal statute (section 8651, U. S. Comp. Stats.) forbidding a common carrier of cattle and other live stock from confining same in cars for a longer period than 36 hours without unloading them into pens "for rest, water, and feeding, for a period of at least five consecutive hours." As, in the view now taken of the record by the majority, the judgment should not be reversed for any of the reasons urged by appellants and referred to in the opinion disposing of the appeal, the motion will be granted, and the judgment heretofore rendered by this court will be set aside, and the judgment of the court below instead of being reversed will be affirmed.