**CHICAGO, R. I. & P. RY. CO. v. LONG.**

No. 13203—Opinion Filed June 10, 1924.

**1. Carriers—Live Stock Shipment—Duty to Furnish Cars in Reasonable Time.**

Upon request of the shipper of live stock, it is the duty of the carrier to furnish cars within a reasonable length of time for the carriage of the freight. What is a reasonable period of time to provide cars for the shipment is a mixed question of law and fact.

**2. Same—Rules of Carrier—Reasonableness to Shippers.**

Even though the statute authorizes railroad companies to regulate the time and manner for the movement of freight and live stock, and to prescribe rules therefor, the duty rests upon the carrier to provide such rules as will afford shippers reasonable opportunity for the loading and transportation of freight.

**3. Appeal and Error—Reversal—Failure of Proof by Plaintiff.**

The burden is on the plaintiff to prove his cause of action by a fair preponderance of the evidence. If there is no competent evidence to support the verdict of the jury, it will be reversed on appeal.

**4. Same.**

Record examined; held, the record is insufficient to support the verdict in favor of the plaintiff and against the defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Grady County; Will Linn, Judge.

Action by L. W. Long for damages against the Chicago, R. I. & P. Railway Company for delay in furnishing cars for shipment of live stock. Judgment for plaintiff. Defendant brings error. Reversed and remanded.

C. O. Blake, W. F. Collins, W. R. Bleak-more, and A. T Boys, for plaintiff in error.

Bond, Melton & Melton, for defendant in error.

Opinion by STEPHENSON, C. This action grows out of the alleged delay of the carrier in furnishing the plaintiff cars for the shipment of live stock. The plaintiff alleges that on Wednesday afternoon he requested the agent to place cars for loading of stock on the following morning. Later the plaintiff was directed to make the request to the superintendent of the carrier line. The latter directed the plaintiff to make inquiry of the dispatcher of trains. The plaintiff testified that he was advised by the dispatcher that cars were furnished for movement of live stock from Agawam on Sunday and Tuesday and refused to furnish the cars to the plaintiff earlier than Sunday. The cars were furnished for Sunday's loading and the stock was moved into Oklahoma City and sold on Monday's market for $11.50 per hundred. The plaintiff alleged that if the cars had been placed for him on Thursday morning, the shipment would have been placed on Friday's market and sold for 50c more per hundred. The defendant answered by setting up an order made by the Corporation Commission, in which the defendant was allowed a certain period of time for furnishing one car, additional time for as many as three cars, and so on. Certain other requirements were made of the shipper by the terms of the order. The order did not undertake to prescribe the days on which cattle would be shipped from plaintiff's station. The order is aside from the questions involved in this appeal. The plaintiff alleged that the defendant advised him on Thursday that live stock was moved from the station only on Sunday and Tuesday of each week. This evidence was undisputed by the defendant. The effect of this is to remove both parties from the obligation of the order. In any event, it was the duty of the carrier, after request for the cars, to use reasonable effort to cause the cars to be placed at the station for the plaintiff. Whether defendant used due care in this instance is a mixed question of law and fact. Even though the statute authorizes the carrier to prescribe rules in relation to furnishing cars for the loading and movement of live stock, the carrier is not authorized to make unreasonable regulations in this respect. The carrier cannot make and rely on unreasonable rules for furnishing cars for loading live stock, and the movement thereof. T. & P. Ry. Co. v. Currie, 33 Tex. Civ. App. 277, 76 S. W. 810. We think there is no dispute between the parties as to the right of the carrier to prescribe reasonable rules for the move-

ment of live stock. The real difference between the parties is one of fact. The carrier has not questioned the evidence of the plaintiff that the dispatcher advised him stock was moved only on Sunday and Tuesday. This places the carrier in the attitude of resting its rights on the reasonableness of the rule. The plaintiff has not given us any standard for measuring the reasonableness of the rule.

The plaintiff has not offered any evidence to the effect that the defendant might have furnished cars by the exercise of reasonable diligence before Sunday. We are unable to say, as a matter of law, that the rule for the movement of live stock from plaintiff's station on Sunday and Tuesday of each week is ont reasonable. It may be that the carrier breached its duty owing to the plaintiff by failing to furnish the cars earlier than for Sunday's shipment, but we are unable to so determine from the record. The burden is on the plaintiff to prove the existence of the duty owing to him by the carrier, and its breach by the carrier with resulting injury. Johnson v. C. B. & Q. Ry Co. (Neb·) 97 N. W· 479; St. L· & S· F. Ry. Co. v· Sheppard, 40 Okla. 589, 139 Pac· 833; O., R. I. & P. Ry. Co. v. Duran, 38 Okla· 719, 134 Pac· 876· As the plaintiff failed to show the carrier could have furnished the cars by the exercise of ordinary diligence, and moved the freight earlier than it did, there is no evidence to support the verdict or the judgment in favor of the plaintiff. In order for the verdict of the jury to stand there must be some competent evidence to support the same· Ranney-Alton Mercantile Co. v. Haynes, 9 Okla. 471, 60 Pac. 284; City of Duncan v. Tidwell, 48 Okla· 382, 150 Pac· 112·

Complaint is made of the admission in evidence of the statements of the chief dispatcher as to the days for the movement of stock from the plaintiff's station. It is within the line of the chief dispatcher's duty to direct the movement of shipments, and statements made by him in connection with the movement of cars and trains are within the line of his duty and binding on the defendant. Gelvin v. K· C. Ry. Co., 21 Mo. App. 273.

It was incompetent to admit the statement of the local freight conductor that three stock cars were in the town of Duncan on the afternoon plaintiff made his request for the cars, unless it had been further shown by the plaintiff that it was the duty of the conductor in the course of his employment to look after the placing of cars for the loading and shipment of live stock. In the course of the trial the plaintiff attempted to show the time usually required for the carrier to place cars after such request had been made· The court sustained the defendant's objection to these several questions. This was error as the duty rested on the plaintiff to place with the jury some standard for determining whether there had been any unreasonable delay in furnishing the cars. On account of the jury not being furnished with some standard for judging the merits of this case, we have no test in the record for determining the soundness of the verdict and judgment. It would be competent for the plaintiff to show the time ordinarily required by the railway company after request for placing cars for the movement of live stock from plaintiff's station.

It is recommended that this cause be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.