### D. C. KOLP v. H. SPECHT ET AL.

No. 2029.

**1. Failure of Consideration—Statements and Promises by Trustee of a Corporation.**

The failure of an educational corporation to comply with representations and promises individually made by its trustees to one of their number as to the erection of college buildings, by which he was induced to purchase land from the corporation at an enhanced value, constitutes no defense to an action against him on his note given for the land, where the representations were made without fraud and the facts of the situation at the time they were made were equally open to all the trustees, including the defendant.

**2. Same—Counter-claim—Donation.**

Nor can the defendant in such action, and because of the failure of the cor-

poration to erect the buildings, plead as a counter-claim against his note for the land a demand for money which he had advanced to the corporation by way of donation to enable it to carry out its plans for the erection of the college building, where no promise was made by the corporation to repay such money.

**3. Same—Insolvency.**

The defendant cannot, in an action upon a note given to a corporation, plead failure of consideration through inability of the corporation to perform certain acts by reason of its insolvency, if such insolvency would have been avoided by defendant's payment of the note.

**4. Bill of Exceptions—Exclusion of Evidence.**

The action of the trial court in excluding evidence will not be revised, where the bill of exceptions fails to disclose the ground upon which the evidence was excluded.

APPEAL from Wichita. Tried below before Hon. GEO. E. MILLER.

*L. T. Miller,* for appellant.—1. A promissory note transferred after it becomes due, is subject to whatever defenses the maker has against the original payee; and said defenses may be pleaded by way of counter-claim in set-off, or to show a failure of consideration, or fraud, or by combining them all in a reconventional demand for damages. 1 Sayles' Civ. Stats., arts. 272, 265, 645; Jackson v. Insurance Co., 1 W. & W. C. C., 750; Taylor v. Merrill, 64 Texas, 495; Howard v. Moore, 1 W. & W. C. C., 225.

2. If the plaintiff got possession of the note in suit long after it was due, said note was subject to the counter-claim which said Kolp had against said college for the $400 he had paid for the college at its request, and he was entitled to have it set off against the plaintiff's demand. 1 Sayles' Stats., arts. 645, 650; Walcott v. Hendrick, 6 Texas, 411, 412; Howard v. Moore, 1 W. & W. C. C., 225.

3. If Iowa Park College, as an inducement to procure defendant Kolp to pay off the $400 incumbrance, and to purchase the lands, promised and agreed with Kolp that they would erect college buildings worth $10,-000, adjoining the land they proposed to sell him, although said promises were not made a part of said notes, or incorporated in defendant's deed from said college, and although they were not made with any willful intention to deceive, and although said promises related to things to be done in the future, yet, if defendant Kolp relied on them, as part of the consideration he was to receive, and was thereby induced to pay out said $400, and give his two notes for $600 each, and pay down $600 in cash to said college, the result to him is the same, whether the college actually intended to deceive him at the time and did not intend ever to perform said promises; or whether these promises were made innocently, improvidently or by mistake of what the college was or would be able to perform as to said buildings; and if the college has failed and refused to perform said promises, and is unable to perform them, owing to being now insolvent, defendant Kolp, having been substantially damaged, is entitled to set up such failure of consideration as a defense to this suit on said notes. 1 Sayles' Civ. Stats., arts. 265, 272, 645, 650; Henderson v. Railway, 17 Texas, 560; Haldeman v. Chambers, 19 Texas, 50; Taylor

v. Merrill, 64 Texas, 495; Greenwood v. Price, 58 Texas, 132; Railway v. Pittman, 23 S. W. Rep., 318; Moore v. Cross, 26 S. W. Rep., 122; Blythe v. Speake, 23 Texas, 437; Grabenheimer v. Blum, 63 Texas, 369.

*R. E. Huff,* for appellees.—In a suit upon a note given for land to which the title has not failed, a plea of failure of consideration will not lie because the vendor of the land, by reason of inability, has not complied with certain independent and outside promises made prior to time of sale, of things to be performed in the future, unless said vendor, at the time of making said promises, had no intention of complying with same, and made them solely for the fraudulent purpose of procuring a sale and cheating and defrauding the vendee. Railway v. Titterington, 64 Texas, 223, and authorities there cited; Bigham v. Bigham, 57 Texas, 238; 8 Am. & Eng. Encycl. Law, 637, note 1.

TARLTON, CHIEF JUSTICE.—The appellees, H. Specht, S. B. Burnett, and Theo. Vogel, as plaintiffs, recovered a judgment against the appellant, D. C. Kolp, as defendant, on a promissory note in the principal sum of $600. They also obtained a decree foreclosing the vendor's lien retained in the note on blocks 7, 8 and 9 of the Texas Addition to Iowa Park, Texas. From this judgment this appeal is prosecuted.

The note, as described in the petition, was dated April 23, 1890, due one year after date, and was payable to the order of W. H. Warner, trustee. It was transferred by the payee to the appellees.

The question mainly presented for our consideration arises upon the action of the court in holding that the special answer of the defendant, in so far as it asserted a failure of consideration and sought a recovery in reconvention or as a counter-claim, presented no defense to the plaintiffs' cause of action, or grounds for relief against the plaintiffs' cause of action. This action of the court was invoked upon a special exception, but as the latter includes a general demurrer, it suffices, in our view of the case, to consider the question as if it arose upon this character of exception.

The special answer is quite lengthy. We content ourselves with stating substantially the defense as set out in the light of what we take to be a fair analysis of the averments.

Briefly, it is alleged that the consideration for the note has failed, because of the following facts: The defendant purchased from Iowa Park College, a corporation organized for educational purposes, the land described in the note, consisting of twelve acres. The note was transferred to the plaintiffs after its maturity. The consideration paid for the land was $600 in cash, and two promissory notes, each for the sum of $600. The first note maturing has been paid; the second is the one in suit. An additional consideration not expressed in the note or in the deed executed by the corporation, through its trustee, Warner, to the defendant, consisted in certain representations or statements made by eleven named persons (including the defendant himself), who were trus-

tees of the corporation. These representations made to the defendant induced him to make the purchase. They consisted in statements and promises that if the defendant would make the purchase, paying thus $150 per acre for land otherwise worth about $10 per acre, the corporation would build and maintain a college worth $10,000, the prospective building thus justifying an estimate of $150 per acre upon the land. Relying upon these representations of the trustees, the defendant, at the request of the corporation, paid the sum of about $400 for the purpose of freeing from prior sales to other parties certain grounds destined for use as a campus, adjoining the land purchased by defendant. This sum has never been repaid by the corporation, but is yet due. The representations and promises made by the trustees have never been complied with; the corporation is unable to build and maintain the college, because of insolvency. This insolvency consists of an indebtedness of about $500 above its assets. As a consequence, the answer alleged that the defendant had been damaged in the sum of $1200, which amount he pleaded also in reconvention and as a counterclaim to the plaintiffs' demand.

In our opinion, this plea, treating the appellees as if they occupied the attitude of the corporation, were it a plaintiff, fails to present a defense, for several reasons:

1. It will be noted that the representations relied upon were made, not by the board of trustees acting for the corporation, but by the trustees themselves, including the defendant. A corporation could not be bound in this manner. The representations, to be effective, should have been made by the corporation itself, acting through its board of trustees or directors having charge of its affairs. Taylor, Priv. Corp., sec. 258.

2. The answer contains no averments that the representations relied upon were made with any fraudulent intent. On the contrary, it is quite manifest that when the defendant—a trustee along with the remaining ten trustees—promised himself that if he would buy the land in question, a college would be built, great expectations were doubtless indulged by the participants in the enterprise (of which the defendant was himself no insignificant factor) that it would succeed; that the value of adjoining land would greatly enhance, and that the owners of such land would be greatly benefited. Considering the subject matter of these statements; the entire absence of any fraud or artifice by way of inducing the defendant to make the purchase; the fact that the situation was alike open to all the trustees; the intimate connection of the defendant with the corporation—we regard the representations as but the mere expression of an opinion, the inaccurateness of which, as subsequently developed, should form no ground of defense to the note sued upon, and no cause of action as for the breach of a contract. Mitchell v. Zimmerman, 4 Texas, 75; Walton v. Reagor, 20 Texas, 103; 8 Am. & Eng. Encycl. Law, 636, 637, and notes.

The cases of Henderson v. Railway, 17 Texas, 380, and Greenwood v. Pierce, 58 Texas, 132, cited by the appellant, are not believed to be pertinent here. If otherwise applicable, they are thought to be distinguish-

able from the present case in that the railroad corporations there making, through their authorized agents, representations and promises on which the adverse parties relied, had peculiar and exclusive facilities for judging and knowing the correctness of the statements.

It will also be noted that this corporation is in the nature of an eleemosynary corporation, the liability of which for the conduct of its trustees is not regarded by us as in all respects analogous to that of a corporation organized purely for profit and owning capital stock.

3. With reference to the claim for about $400 pleaded as a part of the counterclaim, it will be noted that the validity of this demand is made by the averments of the answer to depend upon the efficacy of the representations on which we have already commented. Giving to the allegations of the answer the benefit of all reasonable intendments, it is fairly inferable from them that the payment of this sum was intended but as a donation to help along the plans of the corporation in the building and maintaining of the college. No promise on the part of the corporation to repay the money is averred, and it is manifest that had the enterprise succeeded, and that had it not disappointed the expectations of its trustees and promoters, including the defendant, no demand for the repayment of this sum would have been thought of.

4. The inability of the corporation to accomplish the purposes of its existence in the building and maintaining of an educational institution, and its noncompliance with the representations made by the trustees and relied upon by the defendant, are ascribed by the answer to its insolvency. This insolvency consists in an indebtedness of $500 which it is unable to pay. Had the defendant, complying with his obligation, paid the note here sued upon, this insolvency would have been avoided. The defendant should not be heard to urge that condition as a defense which is brought about by his own failure to comply with the terms of his obligation.

So much of the defendant's special answer as alleged a want of ownership in the plaintiffs to the note sued upon, was held to be sufficient by the court. On the trial certain evidence was offered by the defendant which in his opinion tended to support this defense. The action of the court in excluding this evidence is assigned as error. The bill of exceptions does not disclose the ground on which the court excluded the testimony. Hence we decline to consider the bill, and overrule the assignment predicated thereon. Johnson v. Crawl, 55 Texas, 571; Cabell v. Holloway, 31 S. W. Rep., 201.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.
Delivered Dec. 7, 1895.