CAMPBELL v. PRIETO.

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1912. Rehearing Denied Feb. 7, 1912.)

1. PRINCIPAL AND AGENT (§ 120*)—ACTION—EVIDENCE OF AGENCY.

In an action for a balance due on hay sold, testimony of an agent of the plaintiff that he authorized another person to sell the hay to the defendant is proper to show the authority of such person to make the sale.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 120.*]

2. APPEAL AND ERROR (§ 1058*)—HARMLESS ERROR.

A refusal to permit a person, in whose hands hay was placed for sale by an agent, to testify that he told the agent he had sold the hay to the defendant is harmless error, where both the person and the agent were permitted to testify that the hay was sold to the defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4200–4206; Dec. Dig. § 1058.*]

3. APPEAL AND ERROR (§ 499*) — EXCEPTION BELOW—SUFFICIENCY.

A court on appeal will not review the refusal to allow account books to be introduced in evidence, where the bill of exceptions fails to give the grounds of objection to the testimony.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 499.*]

4. TRIAL (§ 125*)—IMPROPER ARGUMENT OF COUNSEL.

In an action for a balance due on hay sold, a reference in the argument of counsel for the defendant to the relative wealth of the parties, which had not and could not have been proved, unchecked by the court, was improper; and where, although counsel expressed a willingness to withdraw that statement, he did not do so, it was error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 303–307; Dec. Dig. § 125.*]

Error from Bexar County Court; P. H. Shook, Judge.

Action by Roy Campbell against Antonio Prieto. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

See, also, 141 S. W. 807.

John D. Hartman, for plaintiff in error. T. H. Ridgeway, for defendant in error.

FLY, J. Plaintiff in error, who was plaintiff in the county court, and will be so denominated in this court, instituted this suit to recover $509.20, alleged to be a balance due on 20 car loads of hay which plaintiff had sold to defendant, but which the latter had refused to receive, and plaintiff sold it and credited defendant with the amount realized from the sale. The cause was tried by jury, and resulted in a verdict and judgment for defendant.

[1] The first assignment of error claims that the court erred in refusing to allow J. B. McFarland, the agent of plaintiff, to testify that he authorized Charles Allen to sell the hay to defendant. The court erred in rejecting the testimony. Allen sold the hay to defendant, if his testimony be credited, and his authority to make the sale was a proper and legitimate subject of proof.

[2] It was immaterial whether Allen was permitted to testify that he reported the sale to McFarland or not, as both testified that the hay was sold to defendant, although no valid reason appears for the rejection of the testimony.

[3] The third assignment of error complains of the refusal of the court to permit the account books of plaintiff to be introduced, but cannot be considered, because the bill of exception upon which the assignment is based fails to give the grounds of objection to the testimony. This has been the rule from the time that Styles v. Gray, 10 Tex. 503, was decided, in 1853, to the present time. Kolp v. Specht, 11 Tex. Civ. App. 685, 33 S. W. 714.

The fourth assignment of error assails the first paragraph of the charge, but must be overruled, because every material fact was contested, except that of a refusal to accept the hay when plaintiff sought to deliver it, and then sold it and credited defendant with the proceeds. Those facts could not make the defendant liable, unless he had bought the hay; and the court was compelled to submit all the facts, in order to justify a finding against the defendant.

[4] The bill of exceptions upon which the

---

fifth assignment of error rests states that in the closing argument of counsel for defendant he "persistently called attention to the fact that plaintiff is an able and well to do man, and is financially able to lose this suit, and that the defendant is a poor, poverty-stricken Mexican peddler, and is unable to withstand any loss in this suit, to which action of the counsel the attorney for plaintiff then and there excepted." It is further stated in the bill of exception that the court permitted the argument to proceed, and plaintiff "then and there excepted." The court appended the following to the bill of exception: "This bill of exception is approved with the following qualification: T. H. Ridgeway, one of the attorneys for the defendant, in making his argument to the jury, stated that 20 cars of hay was an enormous amount of hay, and would make about a train load, and that the evidence showed that Antonio Prieto had no place to store hay at the time the alleged sale was made; that his only means of handling and selling hay was from his wagon, and that no man with ordinary prudence and business sense would order such an amount of hay with no place to store it, and with no means of handling it, except to peddle it about the city; that the defendant had denied that he ordered the 20 cars of hay, and his evidence was borne out by the circumstances and by common reason. When the above-stated remarks were made by counsel for the defendant, counsel for the plaintiff objected. Then counsel for the defendant stated that his argument was justified by the evidence, but if there was anything improper about his argument he would withdraw the same. Then counsel for the plaintiff did not ask for a ruling of the court upon his objection, and the court did not rule thereon, and the court was not asked to instruct the jury not to consider said remarks, nor to withdraw the same from the jury."

The qualification is so vague as to not amount to a qualification. It seems rather a rehearsal of other irrelevant and improper remarks made by the attorney. The relative financial conditions of the parties had not been proved, and could not properly have been proved, and any reference to such matters was not permissible, and it should have been promptly condemned and checked by the court. The language was inflammatory, and in a case where there was no positive evidence that the hay had not been bought by defendant, except his testimony, it doubtless had its effect. The argument was objected to, although there is authority for reversing a judgment on account of argument as to the wealth and poverty of the parties, even though not objected to at the time. Willis v. McNeill, 57 Tex. 465; Railway v. Jarrell, 60 Tex. 267. The remarks were not withdrawn, although counsel expressed a

willingness to withdraw them, if they were improper.

For the reasons assigned, the judgment is reversed and the cause remanded.