ROAD IMPROVEMENT DISTRICT No. 1 OF HOWARD COUNTY v.
    BANK OF COMMERCE & TRUST COMPANY.

## Opinion delivered June 15, 1925.

1. BILLS AND NOTES—NEGOTIABILITY.—The fact that a note provides that it may be payable on or before a certain day does not destroy its negotiability.

2. BILLS AND NOTES—NEGOTIABILITY.—Negotiability of a note issued by the commissioners of a road improvement district in payment of an engineer's services is not destroyed by a recital that it is payable from first funds not required to meet payments on the outstanding bond issue, whether derived from taxation or sale of further bonds; such language not being intended to give the holders of bonds a lien which the law did not give them but merely recognizing a prior lien in favor of the bondholders.

3. APPEAL AND ERROR—CONCLUSIVENESS OF FINDING OF FACTS.—A finding of facts by the circuit court is as conclusive on appeal as the verdict of a jury.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris,* Judge; affirmed.

### STATEMENT OF FACTS.

This is a suit by the Bank of Commerce & Trust Company, of Memphis, Tennessee, against Road Improvement District No. 1 of Howard County, Arkansas, and I. R. Packard to recover the sum of $3,043.73 together with the accrued interest. The note sued on is as follows:

"Commissioners' Note, Road Improvement District, No. 1, Howard County, Arkansas.

"On or before the first day of March, 1920, the undersigned Road Improvement District No. 1 of Howard County, in the State of Arkansas, promises to pay to I. R. Packard or order the sum of three thousand and forty-three and 73/100 dollars paid at the rate of six per cent. per annum.

"This note is given for money advanced for necessary engineering work of the district, and is payable out of the first funds that shall come into the hands of the district not required to meet payments due on its out-

standing bond issue, whether said funds shall be derived from taxation or from the sale of further bonds of the district; and this district hereby covenants that in the execution of this note it has in all respects complied with the laws of the State of Arkansas, particularly with the requirements of act No. 338 of the Acts of the General Assembly of the State of Arkansas of the year 1915; that this district has been duly organized under said act, and that all things prerequisite to the validity of this note have happened and been performed as required by law.

"In witness whereof, said Road Improvement District No. 1 of Howard County, Arkansas, has executed this instrument by the hands of its commissioners, this 30th day of January, 1920, and has attested it with its corporate seal.

"Road Improvement District No. 1
Howard County, Arkansas.
"By A. M. Smallwood, Chairman,
(Corporate Seal).      "A. A. Price, Secretary.
"Attest:  A. A. Price, Secretary."

I. R. Packard for value received transferred the note to the plaintiff on February 18, 1920. The present suit was instituted on October 11, 1924. The proof shows that a note was executed pursuant to a resolution of the board of commissioners of the road improvement district on the 30th day of January, 1920, to pay I. R. Packard for engineering services in the construction of the improved road. The road improvement district was duly organized under the general laws of the State.

According to the evidence for the defendant, the resolution above referred to provided for the execution of a note bearing 8 per cent. interest per annum. After its execution the note was altered so as to bear 6 per cent. per annum.

The evidence for the plaintiff tended to show that the resolution was amended so as to call for the execu-

tion of a note bearing 6 per cent. interest and that the note was executed pursuant to the amended resolution.

The court found that the note as originally executed bore 6 per cent. interest and was not altered after its execution. The court further found that the note sued on was transferred to the plaintiff for value before maturity, and judgment was rendered in favor of the plaintiff against the district for the amount of the note with the accrued interest. The case is here on appeal.

*Abe Collins,* for appellant.

*Horace Chamberlin,* for appellee.

HART, J., (after stating the facts). The fact that the note provides that it may be payable on or before a certain day does not destroy its negotiability. *McCormick* v. *Daggett,* 162 Ark. 16.

It is contended, however, that by the language of the note itself it is payable out of a particular fund which may prove inadequate to meet the note in full and that this destroys its negotiability within the rule laid down in *Rector* v. *Strauss,* 134 Ark. 374. We do not think that the facts in the case at bar are similar to those in the case just cited. In that case the note recited that it was made with the express understanding that it was to be paid out of the first money received by a real estate company from the sale of certain lots.

In the case before us the particular fund is referred to in the note, not for the purpose of charging payment exclusively thereupon; but merely to indicate the source from which the money is to be received. The note sued on was issued by the commissioners of a road improvement district organized under the general laws of the State. The commissioners are given the power under the statute to cause the improved road to be constructed and express power is also given the commissioners to borrow money and issue bonds to pay the cost of construction. The note recites that it is given for money advanced for necessary engineering work and is payable out of the first funds that shall come into the hands of

the district not required to meet payments on its outstanding bond issue, whether said funds shall be derived from taxation or from the sale of further bonds of the district.

It is evident from the language used that the commissioners had exercised the power to borrow money given them by § 5411 of Crawford & Moses' Digest, and the language used in the note is but a recognition that the commissioners had already exercised this power and that, pursuant to its exercise, bonds of the district were outstanding which were a prior lien on the lands in the district. In other words, the language used indicates that there has been a prior issue of bonds by the commissioners under the statute which created a prior lien upon the revenues of the district. The language of the note sued on was a recital of the law as it existed and was not intended to give the holders of bonds a lien which the law did not give them; but merely recognized a prior lien in favor of the bondholders which they had obtained under the statute. Therefore, this reference to the source of payment in no way affects the negotiable character of the note sued on. The note sued on was an evidence of an indebtedness of the district which it had the authority to make under the section of the statute above referred to. The note sued on was executed in payment of engineering services, and as such was binding upon the district. *Arkansas Foundry Co.* v. *Stanley,* 150 Ark. 127.

The case last cited shows that the bonds of the district are but evidences of indebtedness of the district; but the recitation in the note above referred to also shows that a bond issue was outstanding at the time the note sued on was executed. Hence it was a distinct issue of bonds made by the commissioners under the authority of the statute before the execution of the note sued on was contemplated. Therefore, the language of the note was merely a recognition of this fact and was not for the purpose of directing the payment of the note

out of a particular fund where the maker of the note had several funds out of which the note might have been paid. Hence its negotiability was not destroyed.

Again it is insisted that no recovery can be had because the note was altered. In this respect it is contended that the resolution authorizing the execution of the note, provided for 8 per cent. interest, and that the note was first executed bearing that rate of interest and was subsequently changed to bear 6 per cent. interest because § 5411 does not allow the commissioners to borrow money at a rate of interest exceeding six per cent.

There was testimony in the record tending to show that the note had not been altered in this respect. The case was tried before the circuit court sitting as a jury, and it is well settled in this State that the finding of facts made by a circuit court is as conclusive upon appeal as the verdict of a jury. *Tucker Lake Reclamation Dist.* v. *Winfrey,* 160 Ark. 205.

It follows that the judgment must be affirmed.