DANCY et al. v. PEYTON et al.    (No. 321.)

(Court of Civil Appeals of Texas. Waco.
March 11, 1926. Rehearing Denied
April 15, 1926.)

1. Marriage ⬦50(2).

Evidence *held* sufficient to show that certain man and woman were married, where witnesses were present at wedding.

2. Depositions ⬦46—Deposition will not be quashed merely because clerk failed to attach copies of cross-interrogatories when commission was originally issued, where no injury was claimed.

Deposition will not be quashed because clerk failed to attach copies of cross-interrogatories when commission was originally issued, where they were finally attached and deposition taken on both direct and cross interrogatories, and no injury was claimed.

3. Appeal and error ⬦1052(5)—Introduction of testimony on behalf of party eliminated by jury's finding, who did not appeal, if error, held harmless.

In action to try title where main issue was of heirship, introduction of testimony on behalf of defendant, who was eliminated by jury's finding, if error, *held* not reversible on appeal by plaintiffs.

4. Pleading ⬦258(5)—Permitting trial amendment after verdict 'by one of four claimants claiming one-third interest held not error, where jury had eliminated one.

In action to try title where four parties claimed interest, issue being one of heirship, and jury eliminated one, permitting trial amendment after verdict by one of remaining parties claiming one-third instead of one-fourth interest *held* not error.

5. Marriage ⬦47—Statement by one since deceased that claimant's father and mother were married during war held not objectionable, as made by person not related to parties and after controversy began.

On issue of heirship, ex parte statement by third person since deceased that claimant's mother and father were married during war *held* not objectionable, because made by person

not related to any of parties and after controversy in question began.

**6. Descent and distribution ⬅➡71(5)—On issue of heirship, testimony of one claimant that he received letters from half-sister, another claimant, held admissible.**

In trespass to try title in which issue was of heirship, testimony of one claimant that he received letters from half-sister, another claimant, *held* admissible.

**7. Appeal and error ⬅➡1050(1)—Admission of tax record for certain year in trespass to try title not harmful, where tax assessor had already testified as to contents.**

In trespass to try title, where appellants had tax assessor testify from records as to who had rendered property in question for each year from 1885 to 1913 and also in 1878, appellants were not harmed by permitting delinquent tax record of 1878 to be read in evidence.

**8. Appeal and error ⬅➡218(2).**

Party cannot complain that certain issue was not submitted to jury, where such submission was not requested.

**9. Evidence ⬅➡236(1)—Pleadings filed in suit by mother of claimants of certain property alleging that it was community property, held admissible in trespass to try title against parties claiming under her.**

In action to try title between four parties claiming under same father, pleadings filed in another suit by mother of two claimants, in which she alleged property was community property, *held* admissible against parties claiming under her as admissions against interest.

**10. New trial ⬅➡44(1)—Discussion by jurors of testimony and credibility of witnesses in effort to reach verdict held not ground for setting it aside.**

Discussion by jurors of testimony and credibility of different witnesses, of whom there were about 40, in effort to reach verdict, *held* not ground for setting aside verdict as for misconduct, since jury are exclusive judges of facts proved, credibility of witnesses, and weight to be given testimony.

**11. New trial ⬅➡143(2).**

Ex parte affidavit of juror as to misconduct attached to motion for new trial cannot be considered as evidence offered in trial court.

**12. Appeal and error ⬅➡499(3)—Court's refusal to permit depositions filed after trial began to be read in evidence held not shown to be error, where objections were not set out (Rev. St. 1925, art. 3765).**

Bill of exceptions which failed to set out objections on which court refused to permit certain depositions of witnesses, which had been filed on day after trial began, to be read in evidence, did not show error, in view of Rev. St. 1925, art. 3765.

**13. Depositions ⬅➡88—Exclusion of depositions which had been quashed at former term held not error, where record did not show that any exception was taken to such depositions being quashed.**

Exclusion of depositions which had been quashed at former term *held* not error, where record did not show that any exception was taken to such depositions being quashed and grounds therefor were not contained in bill of exception.

**14. Evidence ⬅➡106(4)—In trespass to try title, testimony that reputation of mother of one claimant for virtue and chastity was bad held inadmissible.**

In trespass to try title involving issue of heirship, testimony that reputation of mother of one party for virtue and chastity was bad *held* inadmissible, since in civil suit party's character cannot be put in issue by opponent.

**15. Evidence ⬅➡271(16)—Marriage ⬅➡47—In trespass to try title, testimony that deceased mother of two claimants had told witness that she was only wife her husband ever had held inadmissible as ex parte self-serving and relating to conversation with husband.**

In trespass to try title involving issue of heirship, testimony that deceased mother of two claimants had told witness that she was only wife her husband ever had *held* inadmissible, since it was ex parte, self-serving, and related to conversation with declarant's deceased husband.

**16. Trespass to try title ⬅➡40(1)—In trespass to try title between parties claiming under same father, documentary evidence that mother of two claimants had title held inadmissible, where she had not claimed such title.**

In trespass to try title, where four parties claimed under same father, documentary evidence tending to show that title was in mother of two claimants *held* properly excluded, where deeds were not recorded, title of her grantor was barred by limitations, and she had not claimed title thereunder, having retained possession of property as surviving widow.

**17. Appeal and error ⬅➡877(2)—Plaintiffs cannot complain of distribution of money deposited in court, where no issue was requested with reference thereto, and there was nothing to show their interest therein.**

In trespass to try title where there was nothing to show that plaintiffs had any interest in money paid by oil company, which was not party to suit, to certain persons who were made parties for oil extracted, and deposited in court, and no issue was requested or submitted with reference to such fund, they cannot complain of portion of judgment respecting disposition of such fund.

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Trespass to try title by Mattie Dancy and others against F. L. Peyton, Jr., and others. From the judgment, plaintiffs appeal. Affirmed.

Ralph W. Plummer, W. Owen Dailey, and K. C. Barkley, all of Houston, and Ira Lawley, of Groesbeck, for appellants.

W. W. Ballew, of Corsicana, and A. O. Scurlock and Gib Callaway, both of Dallas, for appellees.

BAROUS, J. This suit was instituted by appellants in the form of a trespass to try title to 40 acres of land in Limestone county, on which some valuable oil wells are located. The real issue involved in the litigation is one of heirship. The cause was tried to a jury and submitted on special issues, and appellants, being dissatisfied with the portion of land awarded them, have appealed.

Appellants claimed to own the entire tract of land as heirs of or purchasers from Felix and Mattie Dancy, and by the 10-year statute of limitation. Felix and Mattie Dancy were negroes. They were married in 1874, and of that union two children were born, being two of the appellants herein, and there was no controversy about them and those who hold under them owning an undivided one-half interest in the property in question. John Dancy claims that in 1866 Felix Dancy and his mother, Marzella, were married according to slave marriages, and that he was the child of said marriage. The jury found that Marzella and Felix Dancy were never husband and wife. The court rendered judgment against John Dancy, and there is no appeal from that portion of the judgment. Ella Baker claimed that her mother, Judie Whittaker, married Felix Dancy in 1868, and that she was Felix Dancy's child by said union, and the jury so found. Appellee Cleve Calloway, who purchased Ella Baker's interest, alleged in his petition that Ella Baker was one of four children of Felix Dancy, and claimed her one-fourth interest in the property.

[1] By their first proposition, appellants attack the jury's findings of fact to the effect that Felix Dancy and Judie Whittaker were married and that Ella Baker was born from said union, as being against the preponderance of the testimony. The larger part of the 280-page statement of facts is devoted to testimony with reference to said issue. Some of the witnesses testified that they were present and saw Felix Dancy and Judie Whittaker married, and gave the details thereof and the name of the preacher who performed the ceremony. There is an abundance of evidence to support the findings of the jury on said issue. This assignment is overruled. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688; Moore v. Porter, 281 S. W. 232, recently decided by this court, not yet reported.

[2, 3] Appellants challenge the action of the trial court in refusing to quash the deposition of the witness Mrs. Tyus. Appellants asked that said deposition be quashed because the original depositions were propounded by the defendant John Dancy and his codefendant, Cleve Calloway, and plaintiffs each filed cross-interrogatories; that when the commission to take the deposition was issued by the clerk the copy of plaintiffs' cross-interrogatories was not attached. After the deposition was taken but before being returned into court, it was discovered that the cross-interrogatories of plaintiffs had not been attached, and the clerk then gave to the notary a certified copy of said cross-interrogatories, which the notary attached to the original commission and took the depositions on the direct as well as the cross interrogatories of all parties. There was no injury shown and no allegation of misconduct on the part of the notary or the clerk or any one in connection therewith. The fact that when the commission was originally issued the clerk failed to attach copies of the cross-interrogatories of all the various parties was not sufficient to cause the deposition to be quashed, where no injury is claimed and where it is shown that a copy of the crosses was finally attached to the commission and the depositions were taken. Schunior v. Russell, 18 S. W. 484, 83 Tex. 83. If we are mistaken in our holding on this, then the introduction of the testimony was harmless, since it was offered on behalf of and only went to the legitimacy of John Dancy as a child of Felix Dancy, and does not in any way relate to or affect the legitimacy of Ella Baker, and John Dancy having been eliminated by the finding of the jury, it would not be ground for reversal of the cause as between appellants and appellees herein.

[4] Appellants challenge the action of the trial court in permitting the appellee Cleve Calloway, after the jury had returned its verdict, to file a trial amendment, claiming a one-third interest in the property rather than a one-fourth interest. The jury had found that John Dancy was not a legitimate child, and under the findings of the jury there were only three children of Felix Dancy, namely, Ella Baker and the two children of Felix and Mattie Dancy. There was no error in the court's permitting this amendment to be filed since no additional facts were needed and no injury to appellants was shown to have been occasioned thereby. Johnson v. Bingham (Tex. Civ. App.) 251 S. W. 529; Id. (Tex. Com. App.) 265 S. W. 130; Rea v. Johnson, (Tex. Civ. App.) 270 S. W. 1077.

[5, 6] Appellants challenge the action of the trial court in permitting John Dancy to testify that he received certain letters from Ella Baker, and to the court's having permitted him to offer in evidence an ex parte statement by Susanna Smith to the effect that her husband and Marzella, the mother of John Dancy, were brother and sister, and that Marzella and Felix Dancy were married during the war, and that John was their son; said statement having been made by her in January, 1922, when she was about 80 years of age, she at the time of the trial being dead. Appellants only objected to said statement because it was made by a person not related to any of the parties and was made after the controversy in question began and after attorneys had been employed. As against said objections, we do not think the court com-

mitted error in admitting said statement. Byers v. Wallace, 28 S. W. 1056, 29 S. W. 760, 87 Tex. 503. The testimony of Dancy with reference to having received letters from his half-sister, Ella Baker, did not pretend to give any of the details thereof, but was just a general statement that he had received letters from her and that he had corresponded with her. This we think was admissible. Further, all this testimony was offered by John Dancy and related entirely to his claim of heirship, and does not in any way affect the interests between appellants and appellees.

[7] Appellants challenge the action of the trial court in permitting to be read in evidence the delinquent tax record of 1878 of Limestone county, which shows that the 40 acres of land in controversy was rendered for taxes in the name of Felix Dancy. Appellants themselves had the tax assessor to testify from the records that the land in controversy was rendered from 1886 to 1890 and from 1895 to 1900 by Felix Dancy, and had him give in detail the names of the parties who had rendered said property for each of the years since 1885 to 1913. The tax assessor was permitted without objection to testify in connection with his other testimony that the records showed that the property was rendered in the name of Felix Dancy in 1878. In the light of the entire record, we do not think appellants were harmed by the book having been offered in evidence.

[8] Appellant's proposition No. 15 is that "the court should have submitted to the jury, under appropriate instructions, the question of limitation." There was no request made by appellants that said issue be submitted to the jury, and in the absence of a request having been made therefor, appellants cannot complain. St. Louis S. W. R. Co. v. Preston (Tex. Com. App.) 228 S. W. 928; El Paso Printing Co. v. Glick (Tex. Com. App.) 263 S. W. 260.

[9] Appellants' proposition No. 17 is that the "court erred in admitting over their objection plaintiffs' petition in cause No. 4038–A, Mattie Dancy, by Next Friend, J. R. Todd, v. Joseph Danciger et al." It does not appear from the statement of facts filed herein that said petition was as a matter of fact offered in evidence. If, however, same was offered as is stated in the bill of exception, there was no error. The pleadings complained of were filed in a suit by Mattie Dancy involving title to the property in question, and in which she alleged the property was community property of herself and her deceased husband, Felix Dancy, and same were admissible in evidence against all the appellants who claim title under her as admissions against interests. Sabinal Nat. Bank v. Cunningham (Tex. Civ. App.) 256 S. W. 317.

[10] We have examined the testimony offered by appellants on motion for rehearing with reference to the misconduct of the jury. The only witness who testified was the juror L. H. Webb, who testified that when the jury first went out there were seven of the jurors who were in favor of answering all the questions, "No," and five who wanted to answer all of them, "Yes"; that in their discussion in the jury room the juror Hancock stated that the witnesses B. Y. Hancock and B. J. Hancock, his father and uncle, were not in a position to know about the matters they had testified to because they were too young; and that the juror Cox said he had been a neighbor to Mrs. Tyus and knew that she would tell the truth because she was getting old and there was nothing in the lawsuit for her. The juror testified that he remembered the Hancocks each gave their age on the witness stand. One testified he was born in 1860 and the other in 1862. The juror testified he remembered that Mrs. Tyus had testified that she never heard of Felix Dancy being married to either Marzella, who was the mother of John Dancy, or to Judie Whittaker, the mother of Ella Baker, and that he remembered Mrs. Tyus testified she never heard Felix Dancy refer to or call Judie Whittaker or Marzella his wife, and that she never heard that Felix was married to either of said women. It seems the jurors were discussing the testimony and the witnesses, of whom there were about 40, in an effort to reach a verdict. Under the law the jury are the exclusive judges of the facts proven and of the credibility of the witnesses and the weight to be given to their testimony. It does not appear that the juror Webb made any statement that was not known to all the jurors as revealed by the testimony given on the witness stand. The two Hancocks had testified fully as to their age, where they lived, and the opportunities they had to know the negroes. The evidence shows that Mrs. Tyus was an aged white woman, and that she had testified fully as to her knowledge and information as to the negroes and their slavemasters.

[11] We do not think the trial court abused its discretion in refusing to set the verdict aside by reason of this alleged misconduct. There is attached to the motion for a new trial an ex parte affidavit of the juror A. R. Carpenter, but this cannot be considered as evidence offered in the trial court. Harris v. Smith (Tex. Com. App.) 265 S. W. 546. This assignment is overruled.

[12] Appellants complain of the action of the trial court in refusing to permit to be read in evidence depositions of a number of witnesses. The record shows that the trial of this cause began June 1st, and that the depositions in question were filed in court on June 2d. Article 3765, Revised Statutes, provides that if the depositions are filed as much as one day before the cause is called for trial,

no objection to the form or manner of taking shall be heard unless reduced to writing. Where, however, the depositions, as in this case, are filed after the trial has begun, the court may on oral objection exclude the depositions. There is nothing in the record to show whether the depositions were properly taken and returned, nor what objection was made, nor why they were excluded. Since the bills of exception do not set out or give the objections on which the testimony was excluded, we cannot say the trial court erred in excluding the depositions. Whitehead v. Foley, 28 Tex. 268; Kolp v. Specht, 33 S. W. 714, 11 Tex. Civ. App. 685; Johnson v. Crawl, 55 Tex. 571; Hall v. Ray (Tex. Civ. App.) 179 S. W. 1135; Porter v. Langley (Tex. Civ. App.) 155 S. W. 1042; Missouri-Pacific R. Co. v. Baldwin (Tex. Civ. App.) 261 S. W. 418; (Ark.) 272 S. W. 834; Wilkins v. Gulf C. & S. F. R. Co. (Tex. Civ. App.) 260 S. W. 214; Ballard v. Breigh (Tex. Civ. App.) 262 S. W. 886; Carlton v. Conkrite (Tex. Civ. App.) 249 S. W. 522.

[13] Appellants complain of the action of the trial court in excluding the depositions of the witness Queen Maynard. The record shows that said depositions were at a former term quashed by the court. There is nothing in the record showing that there was any exception taken to the depositions being quashed, and the grounds therefor are not contained in the bill of exception. The same is overruled.

[14] Appellants complain of the action of the trial court in excluding the testimony of the witnesses Sim Karner and Howard Parks with reference to the reputation of Judie Whittaker, the mother of Ella Baker, to the effect that her reputation for virtue and chastity was bad. We do not think said testimony, under the issues in this case, was admissible. It could not throw any light on the question as to whether she and Felix Dancy were man and wife. The general rule is that in a civil suit a party's character cannot be put in issue by his opponent. Sikes v. Keller (Tex. Civ. App.) 197 S. W. 311; Houston Electric Co. v. Jones, 129 S. W. 863, 61 Tex. Civ. App. 281; Green v. Enen (Tex. Civ. App.) 270 S. W. 929; Schaff v. Beale (Tex. Civ. App.) 250 S. W. 757; 22 C. J. p. 470. The bill of exception does not show on what ground the testimony was excluded or what objections were made thereto. The assignment is overruled.

Appellants complain of the action of the trial court in excluding the power of attorney from Adelaide M. Hammeken to Sarah R. Mexia. The bills of exception to the exclusion of said documents do not show on what grounds same were excluded. We have examined said documents in the light of the entire record, and do not think that they were material to any issue in the case, and we do not think there was any error in the court's excluding same.

[15] Appellants complain of the action of the trial court in excluding the testimony of Marvin Cogdell and Osborne Kennedy with reference to statements made to them by Mattie Dancy, deceased, during her lifetime, to the effect that she had told them that her husband had only been married one time and that was to her, and that she had "kept company" with him since the Civil War, and that she knew that prior to the time she married him he was a single man. The bills of exception do not show on what ground said testimony was excluded. We do not think there was any error in the court's excluding these ex parte statements. They were not only ex parte, but were self-serving and related to conversations and transactions which she had with her husband, Felix Dancy, deceased. Harris v. Harris Estate (Tex. Civ. App.) 276 S. W. 964.

[16] Appellants complain of the action of the trial court in withdrawing from the jury, after the same had been admitted, the following documents: A deed from Felix and Mattie Dancy to Eva B. Smith, dated the 13th day of February, 1886; a deed from Eva Smith to Joseph Nussbaum, dated January, 1887, to the north half of the land in controversy; a mineral deed from Joseph Nussbaum to the Humphreys-Mexia Oil Company, dated January, 1922, to the entire 40 acres; a portion of the judgment in cause No. 4259-A, dated April 19th, 1924, in the cause of Mattie Dancy, by Next Friend, J. R. Todd, v. Humphreys Oil Company; a deed from Joseph Nussbaum to Mattie Dancy to the north half of said 40 acres in controversy, dated August 18, 1924; and a portion of the judgment in cause No. 4038-A styled Mattie Dancy, by Next Friend, J. R. Todd, v. Joseph Danciger et al., dated January 26, 1924—the record showing that said instruments were stricken out on motion of the defendant because same were irrelevant and immaterial to any issue in the case. We do not think there was any error in the action of the trial court in excluding said documents. None of the deeds were shown to have been recorded. The undisputed facts in the record are that Felix Dancy and his wife, Mattie Dancy, occupied the premises in controversy from some time in about 1877 until Felix Dancy died in 1902, and that Mattie Dancy, as his surviving widow, continued to occupy same until her death in 1924. Mattie Dancy, since 1922, had filed two suits against different parties, in which she stated that the land in controversy was the community property of herself and her deceased husband, Felix Dancy, and the only interest any of the appellants claim is what they obtained through Mattie and Felix Dancy.

Under the law, Mattie Dancy, as the surviving widow of Felix Dancy, had a right to the undisturbed possession of the land in controversy until her death. There was no attempt on the part of appellants to show that

she or Nussbaum claimed possession or title of said property by virtue of said deeds, or that she was claiming any title adverse to her right to use and occupy the land as the surviving wife of Felix Dancy, Crump v. Andress, 278 S. W. 422. The testimony by appellants as well as appellees was that Felix Dancy and wife, Mattie Dancy, had been since 1877 occupying the land as their homestead and had been in possession thereof and paid taxes thereon, claiming same as their home. Under the undisputed evidence, any title Nussbaum had to the property was barred by limitation, and Mattie Dancy did not obtain any title by reason of the deed executed to her by him in August, 1924, after this suit had been instituted.

[17] Appellants complain of the action of the trial court in rendering judgment in favor of Peyton, Jones, and Garrett for the item $5,676.86. In their petition appellants alleged that the Humphreys Oil Company had paid to Peyton, John Dancy, and Jeff D. Jones said amount of money for oil which had been extracted from the land in controversy by the Humphreys Oil Company, and sought to impound said money in the First National Bank of Corsicana, where they alleged same was on deposit. There is nothing in the record which shows that appellants had or have any interest in and to said money. If the Humphreys Oil Company desired to pay Peyton and John Dancy and Jones, or any other parties, for any fancied or real interest they had or claimed in the oil obtained from said land, it would not in anyway affect the rights of appellants. The Humphreys Oil Company is not a party to this litigation and is making no claim to said money. The bank, John Dancy, Peyton, Jones, and Garrett were all made parties to this litigation, and the funds were by the bank brought into court. No issue was requested and none was submitted with reference to said fund, and under the facts we do not think there was any error in this portion of the court's judgment of which appellants can complain.

We have examined all of appellants' assignments of error, and same are overruled, and the judgment of the trial court is affirmed.